**MAGNOLIA TOWING COMPANY,**
Appellant,

v.

**Charles Robert PACE, Jr., Appellee.**

No. 23708.

United States Court of Appeals
Fifth Circuit.

May 16, 1967.

Frank E. Everett, Jr., William G. Beanland, Vicksburg, Miss., Brunini, Everett, Grantham & Quin, Vicksburg, Miss., of counsel, for appellant.

Charles W. Franklin, Baton Rouge, La., M. E. Ward, Vicksburg, Miss., Emmett E. Batson, Baton Rouge, La., Franklin & Keogh, Baton Rouge, La., Dent, Ward, Martin & Terry, Vicksburg, Miss., of counsel, for appellee.

Before RIVES, COLEMAN and GODBOLD, Circuit Judges.

PER CURIAM.

In an action for injury to a seaman under the Jones Act,[1] the jury returned a general verdict for the plaintiff, accompanied by answers to interrogatories which included the following:

"I

"Was Plaintiff (Pace) injured while engaged in any act in direct furtherance of, aid to or assistance of the operation of the 'Vicksburger'[2] Tug Boat for defendant on April 19, 1963?

"☒ YES ☐ NO"

"II

"Though Pace was enroute by car to Vicksburg at the time, was he or was he not then in effect the pilot of the tugboat ("Vicksburger") upon and after leaving Natchez and, therefore, a seaman when injured on this occasion?

"☒ YES ☐ NO"

"V

"Was or not Pace on the payroll and actually in the employ of Magnolia Towing Company when he was injured on this occasion enroute to

---

1. 46 U.S.C.A. § 688.

2. Apparently the correct name of the boat was the "Vicksburg."

Vicksburg to board a Magnolia operated boat there?

"☒ YES  ☐ NO."

This appeal is from the judgment entered upon that verdict. Three questions are presented for the decision of this Court:

"1. Was the Plaintiff a 'Seaman' at the time of the accident?

"2. Was the Jury properly instructed as to the term 'Seaman'?

"3. Was the Workmen's Compensation issue overlooked by the Court?" [3]

We find under the undisputed evidence that the plaintiff was a "Seaman" at the time of the accident and hence that it is not necessary to answer the other questions. We therefore affirm.

■ The testimony of only three witnesses relates to plaintiff's status as a "seaman" at the time of the accident, viz.: M. L. King, Vice President and General Manager of the defendant; Lincoln Johnson, the driver of the automobile at the time of the accident; and the plaintiff himself. There is no substantial conflict in their testimony. Pace went to work as a pilot for the defendant in March 1962. The only kind of work that he had ever performed for the defendant was that of pilot of a tugboat on the Mississippi River. He was paid a straight monthly salary of $750.00, though his schedule called for him to be off duty two days for every three days he was on board. On the night of April 18, 1963, Pace was at his home in Baton Rouge, Louisiana, off duty. At about 9:00 P.M., King called Pace by long distance telephone and ordered him to come to Vicksburg, Mississippi, the next day. The evidence strong-

ly supports the jury's finding that Pace was to board the "Vicksburg" tugboat as pilot. The only other possibility was that he was to be pilot of the "Hill City," another of defendant's tugboats which was making up the tow for the "Vicksburg." Pace traveled by bus from Baton Rouge to Natchez. King sent Lincoln Johnson, a maritime employee of defendant, in an automobile owned by defendant to pick up Pace at Natchez and transport him to Vicksburg. En route to Vicksburg an accident occurred in which Pace was seriously injured.

■ We think that the law has developed to the point where it would have been proper for the district court to charge the jury as a matter of law that Pace was a "seaman" at the time of his injury.[4] He was permanently assigned as a pilot to one or another of the defendant's tugboats, and any uncertainty as to which one is not material.[5] He clearly meets all of the tests of a "seaman" as fully developed in Offshore Company v. Robison, 5 Cir. 1959, 266 F.2d 769, 75 A.L.R.2d 1296, and in the *Braniff* case, supra, note 5. It is now settled that the right of recovery as a seaman under the Jones Act does not depend "on the place where the injury is inflicted but on the nature of the service and its relationship to the operation of the vessel plying in navigable waters." O'Donnell v. Great Lakes Dredge & Dock Co., 1943, 318 U.S. 36, 42, 43, 63 S.Ct. 488, 492, 87 L.Ed. 596; see also, Braen v. Pfeifer Oil Transportation Co., 1959, 361 U.S. 129, 131, 80 S.Ct. 247, 4 L.Ed.2d 191; Hopson v. Texaco, Inc., 1966, 383 U.S. 262, 86 S.Ct. 765, 15 L.Ed.2d 740.

The judgment is

Affirmed.

3. Appellant's Brief, pp. 4 and 5.

4. Compare Marine Drilling Company v. Autin, 5 Cir. 1966, 363 F.2d 579.

5. Braniff v. Jackson Ave.-Gretna Ferry, Inc., 5 Cir. 1960, 280 F.2d 523.