**Bobby Joe CRAFTON, Plaintiff-Appellee,**

v.

**TENNESSEE VALLEY SAND & GRAVEL COMPANY, Defendant-Appellant.**

**No. 26833.**

United States Court of Appeals Fifth Circuit.

March 11, 1969.

Charles E. Lugenbuhl, Thomas W. Thorne, Jr., New Orleans, La., Gorman R. Jones, Jr., Sheffield, Ala., for defendant-appellant; McDonnell & Jones, Sheffield, Ala., and Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., of counsel.

Howell T. Heflin, Gene M. Hamby, Jr., Tuscumbia, Ala., Robert B. Reed, Paducah, Ky., for plaintiff-appellee; Heflin & Rosser, Tuscumbia, Ala., of counsel.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of the Court, this case has been placed on the summary calendar for disposition without oral argument.[1]

Crafton brought suit under the Jones Act, 46 U.S.C.A. § 688. The district court found that he was a "seaman" acting in the course of his employment as a member of the crews of the Dredge Emma Coffey and the Dredge McCullough when he was injured while temporarily

assigned to a newly constructed dredge being prepared for use by his employer.

Since recovery under the Jones Act is predicated on the injury taking place "in the course of employment", the exact place of injury is not controlling. Magnolia Towing Company v. Pace, 5 Cir., 1967, 378 F.2d 12. The only requirement is that the seaman be "doing the work of his employer pursuant to his employer's orders." Braen v. Pfeifer Oil Transportation Company, 1959, 361 U.S. 129, 133, 80 S.Ct. 247, 250, 4 L.Ed.2d 191. This presupposes that the injured person is a seaman within the meaning of the Act. The sole issue here, as it was in the district court, is whether Crafton was a seaman. The conclusion of the district court that he was at the time of his injury is sustained by the underlying facts. The findings are not clearly erroneous. There the matter ends.

Affirmed.

Wittner v. United States, 5 Cir., 1969, 406 F.2d 1165, Fn. 1 and Appendix thereto.

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. See