Gabriel VINCENT

v.

HARVEY WELL SERVICE and Travelers Insurance Company.

Civ. A. No. 69–1060.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Feb. 26, 1970.

Darryl J. Tschirn, of Badeaux & Discon, New Orleans, La., for plaintiff.

Donald L. King, of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendants.

BOYLE, District Judge:

This is an action brought under the Jones Act to recover damages for injuries sustained by the plaintiff in an automobile accident.

This cause came on for hearing January 21, 1970, on the defendant's motion for a summary judgment dismissing the complaint on the ground that the plaintiff, at the time of the injury, was not within the course of his employment, and hence has no cause of action under the Jones Act. Counsel for the parties have agreed to submit this question to the Court, there being no facts material to this issue in dispute.

Viewing the facts most favorably to the plaintiff, there is no reasonable basis on which a jury could determine that he was injured while in the course of his employment. We therefore grant the defendant's motion for summary judgment.[1]

The facts appear in the joint stipulation of the parties, the verified pleadings, and the plaintiff's deposition.

1. Labit v. Carey Salt Co., 421 F.2d 1333, 5th Cir., January 12, 1970; Nolan v. Coating Specialists, Inc., et al., 422 F.2d 379, 5th Cir., January 29, 1970; Stan-ley v. Guy Scroggins Constr. Co., 297 F.2d 374 (5th Cir. 1961); Thibodeaux v. J. Ray McDermott, 276 F.2d 42 (5th Cir. 1960).

The plaintiff, Gabriel Vincent, was employed on November 30, 1967, by the defendant, Harvey Well Service, as a derrick-hand in the drilling crew of Harvey Well Service Rig #2, a submersible drilling barge, capable of floating and conceded to be a vessel within the purview of the Jones Act. Plaintiff, and other members of the drilling crew, worked aboard Rig #2 on a twelve hours on, twenty-four hours off basis.

David Courville, the driller in the crew which worked on Rig #2, worked likewise twelve hours on the rig and twenty-four hours off. Additionally, he was paid for three hours per each twelve hours working shift. This additional pay period covered his driving time to and from work.

The drilling crew did not sleep aboard the rig. Neither were meals provided by the defendant. The crew members brought their own lunches and ate on the rig.

A car was provided by the defendant as a means of transportation for the crew to go from Jimmie's Esso Service Station in Gretna, Louisiana, to Venice, Louisiana, and to return from Venice to Gretna. The members of the crew were not under orders to use this company owned car. They could have supplied their own personal transportation had they so desired.

After completion of the twelve-hour shift on November 30, 1967, the drilling crew, including the plaintiff, went by crew boat to the landing at Venice and left Venice in an automobile, owned by Harvey Well Service, Inc., and driven by David Courville, bound for Gretna, Louisiana. The automobile was involved in an accident with another automobile on Louisiana Highway 23, at approximately 6:20 p. m., November 30, 1967, when it was approximately sixty-three miles from Venice and ten miles from Gretna, three miles south of the City limits of Belle Chasse, Louisiana. The plaintiff was asleep in the right front seat of the automobile at the time of the accident.

The Jones Act[2] requires that the plaintiff's injury be suffered while he is "in the course of employment."[3] This phrase is to be given its plain meaning, and is not to be restricted to injuries occurring in any particular place.[4] We have been referred to, and have independently discovered, no judicial statement on the precise question presented by the facts in this case.

Jurisprudence under the Federal Employers' Liability Act[5] indicates that once the plaintiff has left the employer's premises for the purpose of returning home, he is no longer within the coverage of the Act,[6] unless he has been ordered to use a means of transportation provided by the employer.[7] The *Sassaman* case is worthy of particular note, for in that litigation a train dispatcher was injured while alighting from a passenger train operated by the defendant company, on which he was riding by authority of a pass provided by the company for his transportation home after having discharged, for the day, the duties of his employment. The plaintiff was denied recovery, since he was found to be without the course of his employ-

---

2. 46 U.S.C. § 688.

3. *Id.*; Edelman, Maritime Injury and Death, 91; McCall v. Overseas Tankship Corp., 222 F.2d 441 (2d Cir. 1955); Magnolia Towing Co. v. Pace, 378 F.2d 12 (5th Cir. 1967).

4. 2 Norris, The Law of Seamen, § 683.

5. 45 U.S.C. § 51 et seq.
   The provisions of the FELA apply to Jones Act actions where their application appears reasonable. Gilmore and Black, The Law of Admiralty, 297. The basis for this rule of reasonableness was stated by the United States Supreme Court in Cox v. Roth, 348 U.S. 207, 75 S.Ct. 242, 244, 99 L.Ed. 260, (1955): " * * * those contingencies against which Congress has provided to ensure recovery to railroad employees should also be met in the admiralty setting."

6. Sassaman v. Penn. R. Co., 144 F.2d 950 (3rd Cir. 1944).

7. Glover v. Union Pac. R. Co., 21 F.Supp. 618 (D.C.Idaho, 1938) app. dismissed, 97 F.2d 1015.

ment. The court held that "the employee's presence upon the premises where he receive[d] his injuries must have been a *necessary incident* to the discharge of the duties of his employment."[8]

This concept of "necessary incident" was adopted by the Second Circuit Court of Appeals in a Jones Act suit, wherein the Court held the plaintiff to have been without the course of his employment because "his acceptance [of employer provided air transportation from the vessel's port of destination] was something done at his own election and after his employment had ceased."[9]

■ Applicability of the Jones Act does not turn on the locality of the injury to the plaintiff.[10] Thus, the mere fact that the plaintiff was not aboard Rig #2 at the time of the accident does not, in and of itself, operate to bar his Jones Act claim. Seamen have been held to be within the course of their employment when sent off the ship to perform their duties[11] or while boarding or quitting the ship[12] or going to or from the ship while on shore leave.[13] The Court's reasoning in extending the maintenance and cure remedy to injuries sustained during shore leave in *Aguilar* is not apposite in this case. The derrick-hand who spends only twelve hours aboard his rig, and then returns home to sleep and attend to his shore-side pursuits for twenty-four hours is clearly not within the rationale applying to those seamen who live aboard their vessel and are given infrequent liberty ashore.

Application of the shore leave principle to offshore drilling operations was considered and, we believe, properly rejected by Judge Cassibry in a suit for maintenance and cure.[14]

The cases cited by the plaintiff in support of his contention do not, in fact, lend force to his argument. In *Hopson*,[15] the shipowner, in taking the ill seamen to the United States Consul for repatriation, was complying with a statutory duty.[16] In the case at bar, however, the defendant was under no obligation, statutory or contractual, to transport this plaintiff. Vincent's election to ride as a passenger in the car was strictly voluntary.

The *Magnolia Towing* case,[17] likewise, provides no justification for the plaintiff's position. Initially, *Magnolia Towing* is distinguishable on its facts. The plaintiff, Pace, was paid a straight monthly salary, and was subject to the call of his employer at any time.[18] He was, at the time of the accident, on special orders, in direct furtherance of the

8. *Sassaman*, supra, note 6, at 952; emphasis added.

9. McCall v. Overseas Tankship Corp., supra, note 3, at p. 443.

10. Magnolia Towing Co. v. C. Pace, supra, at note 3; Crafton v. Tenn. Valley Sand and Gravel Co., 408 F.2d 1096 (5th Cir. 1969).

11. Braen v. Pfeifer Oil Transportation Co., 361 U.S. 129, 80 S.Ct. 247, 4 L.Ed.2d 191 (1959).

12. Marceau v. Great Lakes Transit Corp., 146 F.2d 416 (2d Cir. 1945).

13. Aguilar v. Standard Oil Co. of New Jersey, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107 (1943).

14. Sellers v. Dixilyn Corp., 305 F.Supp. 573 (E.D.La. Oct. 16, 1969). In this case, the plaintiff was a roustabout on a drilling rig, working on the rig for seven days at a time, followed by seven days ashore. He ate and slept aboard the rig, and received no pay during the seven days he was off duty. The plaintiff was not allowed to recover maintenance and cure for injuries sustained in an automobile accident while he was on his way home. Daughdrill v. Diamond "M" Drilling Co., 305 F.Supp. 836, 840 (W.D.La.1969), a wrongful death action, is not to the contrary. Here, the Court found that " * * * there is no question that at the time of the wreck he was, in fact, returning to his vessel; * * *. Plaintiff's decedent was actually answering that call; he was returning to the drill barge as he was expected to do."

15. Hopson v. Texaco, Inc., 383 U.S. 262, 86 S.Ct. 765, 15 L.Ed.2d 740 (1966).

16. 46 U.S.C. §§ 679, 682, 683.

17. *Magnolia*, supra, at note 3.

18. Vincent was paid on an hourly basis and was leaving his work, having completed his tour of duty.

operation of the vessel to which he was attached, and was being paid his salary during his ill-fated automobile trip. In addition, he was ordered by the defendant company's Vice-President and General Manager to use the automobile that the defendant sent for him. The legal standard applied by the court in *Magnolia Towing* is dispositive of the issue in the present case: "It is now settled that the right of recovery as a seaman under the Jones Act does not depend 'on the place where the injury is inflicted but on the *nature of the service and its relationship* to the operation of the vessel plying in navigable waters.' [citations omitted]" [19]

The question to be determined is, what service was the plaintiff performing at the time of the accident? The answer is, no service at all, for in his deposition, the plaintiff admits being asleep in the front seat of the car. His dormant physical presence in the automobile can have had no relationship to the functioning of the Harvey Rig #2. He was returning home after completing his tour of duty. In a recent opinion, the Fifth Circuit Court of Appeals held that the "course of employment" provision of the Jones Act requires that "the seaman be 'doing the work of his employer pursuant to his employer's orders.' [citation omitted]" [20] The plaintiff in this case clearly fails to meet that test.

The plaintiff is currently pursuing his proper remedies in two state court actions, for workmen's compensation and negligence.[21] Under the stipulated facts and the law, he was not, at the time of his injury, in the service of his vessel or in the course of his employment as one of its crew, and, therefore, has no Jones Act remedy.

Accordingly, the defendant is entitled to summary judgment dismissing plaintiff's suit at his cost.

19. *Magnolia*, supra, note 3, at p. 13.

20. *Crafton*, supra, note 10, at p. 1097.

21. Vincent v. Harvey Well Service, Inc., et al., 25th Jud.Dist.Ct., Parish of Pla-

quemines, filed 7 May 1969; Vincent v. Lilliman, et al., No. 11–675, 25th Jud. Dist.Ct., Parish of Plaquemines, filed 26 November 1968.