447 F.2d 781
 Mary E. DAUGHDRILL, Individually, as Administratrix of the
Estate of Enis J. Daughdrill, Deceased, etc.,
Plaintiff-Appellee-Cross Appellant,
v.
DIAMOND M. DRILLING COMPANY, Defendant-Appellant-Cross Appellee.
 No. 29794.
 United States Court of Appeals, Fifth Circuit.
 July 9, 1971, Rehearing and Rehearing En Banc Sept. 24, 1971.
 
 Frank M. Brame, Lake Charles, La., for appellant.
 Samuel C. Gainsburgh, New Orleans, La., for appellee.
 Before JOHN R. BROWN, Chief Judge, and WISDOM and RONEY, Circuit judges.
 RONEY, Circuit Judge:
 
 
 1
 Defendant appeals from a judgment against it for damages for wrongful death under the Jones Act. 46 U.S.C. 688. Holding that decedent was not in the course of his meployment at the time of the automobile accident in which he was killed, and that the action cannot otherwise be sustained under the Louisiana wrongful death statute, we reverse.
 
 
 2
 Enis J. Daughdrill, a resident of Monticello, Mississippi, was employed by the defendant Diamond M. Drilling Company as a member of a drilling crew on a submersible drilling barge located in Galveston Bay, a short distance, but more than three miles, from the shore. His regular work schedule was ten days on the drilling barge, where he ate and slept, and five days off. For each ten day work shift, he and the other members of the drilling crew were taken from the landing at Anahuac, Texas, to the drilling barge and at the end of the shift were returned to the landing in a boat furnished by the defendant. They were paid travel time by the defendant when they were on the boat. Daughdrill and the other members of his drilling crew, all of whom lived within a few miles of one another, traveled the approximate 800 mile round trip between Anahuac and their homes by automobile. The crew members shared the expenses of the trip. The defendant did not furnish Daughdrill and the drilling crew members with any land transportation, it did not pay them anything for land travel, it did not reimburse them for any expenses of land travel, and it left them free to come and go by any manner they pleased. During the five days they were off work, the drilling crew members were free to do anything they wanted, including working for themselves or others. They were rarely, if ever, called back to work on their days off, and if called were under no obligation to return.
 
 
 3
 In the early hours of April 9, 1967, Daughdrill was drowned when the automobile in which he was returning to work after five days at home ran off the road into Kayouche Coulee near Lake Charles, Louisiana, over 100 miles from Anahuac.
 
 
 4
 The widow and children brought this action for damages under the Jones Act, which gives a cause of action for the injury or death of a seaman occurring in the course of his employment resulting from negligence of his employer, its agents or employees. In the alternative, the plaintiffs claimed damages under Louisiana Civil Code, Article 2315, which preserves to widows and children a cause of action for wrongful death caused by fault of another, claiming that the driver of the automobile was the employee or agent of defendant which is liable on the theory of imputed negligence.
 
 
 5
 The court below, 305 F.Supp. 836, awarded damages in the amount of $120,534.20 under the Jones Act on the finding that Daughdrill was a seaman killed in the course of his employment by the negligence of defendant's employees or agents. The court erred as a matter of law in holding that Daughdrill was in the course of his employment at the time of his death.
 
 I.
 
 6
 There being no dispute that Daughdrill was a seaman,[1] the principal question for determination on the Jones Act claim is whether or not he was in the course of his employment at the time he was going to work under the circumstances of this case. For the purpose of this decision, the facts here are indistinguishable from those in the case of Sellers v. Dixilyn Corporation, 433 F.2d 446 (5th Cir. 1970). Although that case involved a claim for maintenance and cure, the Supreme Court has already held that the meaning of the term 'course of employment' under the Jones Act is the equivalent of 'the service of the ship' formula used in maintenance and cure cases. Braen v. Pfeifer Oil Transportation Co., 361 U.S. 129, 80 S.Ct. 247, 4 L.Ed.2d 191 (1959).
 
 
 7
 The fact that Sellers was injured in an automobile accident while going from work to his home, while Daughdrill was killed coming from his home to work, does not give sufficient basis for arriving at different results for the two cases.
 
 
 8
 Collating the facts of this case with the Sellers case compels a conclusion that Sellers and Daughdrill were of equal status in relation to their employment and their employers at the time of their respective accidents and that the even hand of justice requires that the same rule should be applied impartially to both.
 
 
 9
 Sellers worked, ate and slept on his offshore rig for seven days, after which he would go home ashore for seven days. Daughdrill worked and lived on his rig for ten days and spent five days at home, although he, too, sometimes worked seven days on and seven off. Each worked 12 hours and had 12 hours off while on board. Each was transported to the rig and back to shore by a boat furnished by the employer, and each was paid for the time it took for such boat ride. Each was paid an hourly wage for the hours he worked on the rig. Neither was paid for the days off duty spent at home. For both, their pay began and ended at the dock. In each instance, the employee was responsible for his own transportation to and from home, physically and financially. While off duty they were both free to do as they pleased-- relax, work for themselves, or work for others.
 
 
 10
 In both cases, they were rarely, if ever, called to work on their days off, and if called, failure to answer the call had no effect on their employment. In both instances, duplicate separate crews were working the rigs while Sellers and Daughdrill were at home.
 
 
 11
 The factors defeating recovery in these cases are readily distinguishable from other cases which find the seaman in the course of his employment or in the service of his ship while going to or coming from work.
 
 
 12
 In Vincent v. Harvey Well Service, 441 F.2d 146, (5th Cir. 1971). Vincent was injured in an automobile furnished by the employer to take its employees from the pierhead to a convenient metropolitan assembly point 50 miles away. In Williamson v. Western Pacific Dredging Corp., 441 F.2d 65 (9th Cir. 1971). The court found that commuting was part of the job, the employee being paid for his traveling time. In Magnolia Towing Co. v. Pace, 378 F.2d 12 (5th Cir. 1967), the salaried pilot was riding in an employer-owned automobile going to a tugboat pursuant to his employer's specific instructions. In Aguilar v. Standard Oil Co., 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107 (1943), the so-called blue water sailor was on conventional, authorized shore leave going across the only available route between the vessel and the public streets.
 
 
 13
 Following Sellers, we hold that Daughdrill was neither on shore leave nor answerable to the call of duty and was not within the course of his employment at the time of his death. This ends the Jones Act claim.
 
 II.
 
 14
 Plaintiff contends that even if the Jones Act does not afford a remedy in this case, the recovery should be sustained under the Louisiana wrongful death statute.[2] Jurisdiction for such a claim rests on diversity of citizenship. The decision rests on Louisiana law.
 
 
 15
 Under Louisiana law, a corporate employer is liable to any third party for the torts of its agents or employees acting in the scope of their employment. Oliphant v. Town of Lake Providence, 193 La. 675, 192 So. 95 (1939). An employee is in the scope of his employment whenever he is engaged in activities that fairly and reasonably may be said to be an incident of the employment or logically and naturally are connected with it. James v. J. S. Williams & Son, 177 La. 1033, 150 So. 9 (1933).
 
 
 16
 The automobile in which Daughdrill was riding was being driven by Carroll Martin, who is claimed to have been hired as a member of the crew and whose employment involved essentially the same factors as Daughdrill's.
 
 
 17
 Any difference between Louisiana law as to 'the scope of employment' for vicarious liability and Jones Act law as to 'course of employment' for employee recovery narrows rather than broadens the employer responsibility for these employees. Being in the course of his employment for Jones Act purposes would not necessarily put Martin in the scope of his employment for purposes of assessing vicarious liability for his acts against his employer.
 
 
 18
 The Jones Act is liberally construed, Cortes v. Baltimore Insular Line, Inc., 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368 (1932), while the Louisiana masterservant doctrine has drawn freely from the common law principle of respondeat superior so that it is difficult to differentiate between the theories.[3] Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968). Since Carroll Martin was no more in the course of his employment than Daughdrill for Jones Act purposes, a fortiori he was not in the scope of his employment under Louisiana law.
 
 
 19
 This reasoning is supported by the general rule in Louisiana that an employee is not in the scope of his employment when going to and from his place of employment. Wills v. Correge, 148 So.2d 822 (La.App.1963). The exception to the rule relied upon by plaintiff as stated in O'Brien v. Traders & General Ins. Co., 136 So.2d 852 (La.App.1961) is inapplicable since O'Brien involved factors such as a salaried employee, reimbursed travel expenses and an employer's specific orders, which are not present here. Rollins v. New York Fire & Marine Underwriters, Ind., 225 So.2d 663 (La.App.1969) aff'd 254 La. 855, 227 So.2d 595 (1969); Harris v. Hymel Store Co., 200 So.2d 84 (La.App., 1967), writ refused, 251 La. 47, 202 So.2d 657 (1967).
 
 
 20
 The argument that Edward Hartzog, the car owner and driller who, as crew chief, recruited Martin for employment, was bringing him to the ship for the employer and that Martin, driving under Hartzog's direction, was acting within the scope of his employment is not supported by the record.[4] It is clear that the employer assumed no responsibility at all for transportation and that no one was engaged to drive the car. Neither Martin nor Hartzog was being paid for his time. Their expenses were not being paid. The facts do not support the claim that the driver of the car in which Daughdrill was riding was doing anything that he had been employed to do. This being so, defendant was not responsible for Martin's negligence in driving the automobile and the judgment against the defendant cannot be sustained under Louisiana law.
 
 III.
 
 21
 The appeal raised questions concerning whether or not the driver Martin had been employed by defendant and whether or not he was negligent in driving the automobile. Without deciding the points at issue, we have assumed the correctness of the rulings on these points, inasmuch as the disposition of the case on this appeal would remain the same in any event. Nor is it necessary for us to rule on the plaintiffs' cross-appeal claiming inadequacy of the award and the failure of the trial court to allow prejudgment interest.
 
 
 22
 The judgment is reversed and the case is remanded to the trial court for the purpose of dismissing the complaint.
 
 
 23
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 
 
 24
 Before BROWN, Chief Judge, WISDOM and RONEY, Circuit Judges.
 
 PER CURIAM:
 
 25
 The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.
 
 
 
 [1]
 Robison v. Offshore Co., 266 F.2d 769 (5th Cir. 1959); Boatel, Inc. v. Delamore, 379 F.2d 850 (5th Cir. 1967)
 
 
 [2]
 Art. 2315. Liability for acts causing damage; survival of action
 Art. 2315. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
 The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
 The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
 
 
 [3]
 Art. 2320. Acts of servants, students or apprentices
 Art. 2320. Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
 In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.
 
 
 [4]
 Louisiana has held that an employer was not liable for damages arising from an automobile accident which occurred after an employee-salesman entrusted with the employer's vehicle had permitted another to drive, notwithstanding that the salesman was acting in the scope of his employment and was present in the automobile. Lanauze v. Baldwin & Co., 2 La.App. 345. See Restatement, Agency 2d 241; Seavey, Agency, 88(E)