## Paul Gary FORET

v.

## CO–MAR OFFSHORE CORPORATION.

### Civ. A. No. 80–4639.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Feb. 27, 1981.

Richard A. Thalheim, Jr., Morgan City, La., for plaintiff.

Michael L. McAlpine, New Orleans, La., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BEER, District Judge.

To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are so adopted.

### Findings of Fact

1. This matter is before the court on Paul Gary Foret's claim for maintenance

and cure. The claim is made against Co-Mar Offshore Corporation, his former employer.

2. Jurisdiction is founded under the general maritime law and the admiralty law of the United States. 28 U.S.C. § 1333.

3. Foret is a person of the full age of majority, domiciled and resident of the Parish of Terrebonne, State of Louisiana. Defendant Co-Mar Offshore Corporation is a Louisiana corporation with its principal place of business in the State of Louisiana, authorized to do and doing business in the State of Louisiana within the Eastern District of Louisiana.

4. On Tuesday, September 9, 1980, Foret was hired by defendant Co-Mar Offshore Corporation to serve as wheel man and relief captain on M/V C PREDATOR.

5. The vessel M/V C PREDATOR was, at all times pertinent, owned and/or operated by Co-Mar Offshore Corporation.

6. Plaintiff was hired by defendant on the basis of working "straight time," that is, Foret would be paid for the particular days that he worked and that he could work as many days—including weekends—as he wished to work.

7. Plaintiff was hired to serve as relief captain and wheel man at a rate of $88.00 per day.

8. Plaintiff commenced his duties on September 9, 1980, and continued performing said duties through September 11, 1980, the date of his injury.

9. Plaintiff worked aboard the M/V C PREDATOR from Tuesday, September 9, 1980, through Thursday, September 11, 1980, at about 3:00 p. m.

10. On Thursday, September 11, 1980, plaintiff piloted the vessel in the early morning. When it docked, the plaintiff began doing some maintenance work on the vessel.

11. Then, at approximately 3:00 p. m., on September 11, 1980, plaintiff requested and received permission from the captain of the M/V C PREDATOR, Antoine Foret (plaintiff's brother), to leave.

12. The reason for his leaving was to attend to certain personal business matters which had to do with a transaction involving family real estate at a lawyer's office in Houma, Louisiana.

13. After Foret concluded the personal business noted above in Houma, he returned to his home in Dulac, Louisiana, at approximately 5:30 p. m. There, he ate dinner, took a shower and watched television with his wife and child.

14. Later that evening, Foret contacted his brother, the captain of the M/V C PREDATOR, to inquire when he should return to the boat. Antoine told him to be back at the dock around 8:30 p. m.

15. Accordingly, at approximately 8:00 p. m., Foret boarded his motorbike intending to go to the dock where M/V C PREDATOR was tied up. During the course of the journey from his home in Dulac to the "mud dock" where the boat was tied up, he traveled south on Highway 57, a single lane highway. While traveling on the highway in the righthand southbound lane, a Ford automobile driven by Mrs. Nadine Bernard was proceeding north on Highway 57. Mrs. Bernard sought to pass other vehicles ahead of her in the northbound lane and entered Foret's lane of traffic. A collision ensued between the Foret and Bernard vehicles resulting in serious personal injuries to Foret.

16. Foret was taken by ambulance to the South Louisiana Medical Center in Houma, where he remained as an in-patient for approximately two months following the accident. In November, 1980, he was discharged but continued as an out-patient.

### Conclusions of Law

1. A seaman may recover maintenance and cure even though his injury or illness was not suffered aboard the ship. *Aguilar v. Standard Oil Co.*, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107 (1943), awarded maintenance and cure to a seaman injured while on shore leave. However, the term "shore leave" in that case involved a blue water seaman who was engaged in an ocean

voyage which lasted several months in duration and called at foreign ports. The court noted that a blue water seaman is in a sense serving the ship while ashore since the time off makes him a more efficient crew member, not to mention the fact that no one would become a sailor if he were denied shore leave. "In short, shore leave is an elemental necessity in the sailing of ships, a part of the business, as old as the art, not merely a personal diversion."

2. Absent status as a blue water seaman, the courts have made grants of maintenance and cure for a shoreside injury in limited situations upon a showing that the seaman was acting pursuant to some employer directive or that the employer was a recipient of some benefit as a consequence of the seaman's shoreside activity. *Magnolia Towing Co. v. Pace*, 378 F.2d 12 (5th Cir., 1967); *Vincent v. Harvey Well Service*, 441 F.2d 146 (5th Cir., 1971).

In *Vincent*, a seaman was injured in an automobile furnished by the employer to take its employees from the pierhead to a convenient metropolitan assembly point 50 miles away.

In *Magnolia*, the salaried pilot was riding in an employer-owned automobile going to a tugboat pursuant to his employer's specific instructions.

3. In the case at bar, Foret's injury occurred after he had left the vessel to attend to a personal real estate transaction in Houma and then had gone home for a bath, supper and an early evening with his family. Although the accident occurred when he was on his way to the "mud dock" where the boat was tied up, the mission that Foret had been embarked upon since approximately 3:00 p.m. that date had no connection whatsoever with Foret's duties and obligations aboard the vessel other than the implicit commitment to return to it as a requisite to his employment. *Daughdrill v. Diamond M. Drilling Co.*, 447 F.2d 781 (5th Cir., 1971).

4. In *Baker v. Ocean Systems, Inc.*, 454 F.2d 379 (5th Cir., 1972), a seaman, who was hit over the head with a pool cue in a bar, filed a claim for maintenance and cure. The court denied plaintiff's claim even though Baker was allegedly "on call" to return to work with his employer. The court perceived that no reciprocity of obligation existed between the seaman and the shipowner at the time of the accident.

The *Baker* seaman was a diver-tender who was paid when he worked; and, when he did not work, he was not paid. Foret was also employed on a straight time basis where his pay began and ended at the dock. As a "commuter seaman," his working activities centered around the area of his home in Dulac, Louisiana, where he had lived and worked all his life. He was not subjected to foreign ports or irregular accommodations.

5. In *Sellers v. Dixilyn*, 433 F.2d 446 (5th Cir., 1970), the plaintiff, an offshore worker in the oil industry who was categorized as a seaman was returning home in a co-employee's truck when they were involved in a collision. The court expressed the view that merely because Sellers was en route from work was insufficient to place him within the course of his employment at the time of the collision. The court concluded that plaintiff was not serving any interest for the employer or the vessel either directly or indirectly.

In the instant matter, the plaintiff's departure from the vessel was not to serve any interest, either direct or indirect, of his employer. Foret was simply returning to work after having been off work to attend to personal business and, incident thereto, to go home for dinner and some time with his family.

Plaintiff's complaint for maintenance and cure is, accordingly, dismissed. Defendant is directed to prepare a judgment consistent with these findings and conclusions.