Patrick **THRASHER**, Plaintiff–Appellant,

v.

**B & B CHEMICAL COMPANY, INC.,**
a Florida corporation, Defendant–
Appellee.

No. 92–5128.

United States Court of Appeals,
Tenth Circuit.

Aug. 9, 1993.

Joe L. White and Gary G. Grisso, Collinsville, OK, for plaintiff-appellant.

Randall A. Breshears of Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, OK, for defendant-appellee.

Before SEYMOUR and TACHA, Circuit Judges, and ROGERS,* Senior District Judge.

TACHA, Circuit Judge.

Plaintiff-appellant Patrick Thrasher appeals the district court's grant of summary judgment in favor of defendant-appellee B & B Chemical Company, Inc.[1] Because disputed issues of material fact remain unresolved, we reverse and remand for further proceedings.

Thrasher, an American Airlines employee, was severely burned when a barrel of paint stripper erupted. The paint stripper was packaged in a fifty-five gallon drum which

---

* Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that

had been stored in direct sunlight, contrary to company policy. The drum and its valve now cannot be located.

American Airlines identified the supplier of the stripper as B & B Chemical Co., Inc. Thrasher filed a products liability action against B & B in Oklahoma state court. The action was removed, on diversity grounds, to the United States District Court for the Northern District of Oklahoma. B & B then brought a third-party action against Florida Drum Company, the alleged supplier of the barrel.

B & B and Florida Drum both moved for summary judgment, claiming that because Thrasher could not positively identify B & B as the supplier and could not demonstrate the existence of a defect which caused his injuries, there was no genuine issue of material fact. The district court agreed, granting B & B's motion and finding Florida Drum's motion moot. This appeal followed.

We review summary judgment decisions de novo, applying the same standards as those employed by the district court under Fed.R.Civ.P. 56(c). *Russillo v. Scarborough,* 935 F.2d 1167, 1170 (10th Cir.1991). Summary judgment is appropriate when, viewing the record in the light most favorable to the nonmoving party, "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Id.; Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2511–12.

oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

■ We first determine whether Thrasher's evidence is sufficient to create a jury question on the identity of the paint stripper supplier. Because the barrel containing the chemical cannot be located, proof of the supplier must be made through circumstantial evidence. B & B and Florida Drum rely on the fact that Thrasher identified the barrel as green and white, whereas Florida Drum's barrels are black or black and white, and the fact that American Airlines has used other brands of paint stripper.

To support his claim that the stripper was supplied by B & B, Thrasher presented the following evidence: (1) in his workers' compensation proceeding, in an interrogatory response, American Airlines identified the chemical that injured Thrasher as "B & B 1717AMX" supplied by the B & B Chemical Company, Appellant's App. at 152;[2] (2) in the six months that Thrasher worked with paint stripper at American Airlines, he saw only barrels stenciled with "B & B" on them, and never saw barrels labeled with any other brand name, *id.* at 96–97, 107, 110, 119; (3) during the six months before the accident, American Airlines ordered large quantities of B & B stripper, as evidenced by eight invoices, dated between January 30, 1989, and June 27, 1989, for a total of eighty-six barrels, *id.* at 183–190; (4) no invoices were produced to show that other brands of stripper were used during this period; (5) the American Airlines employee who replaced the barrel that injured Thrasher testified that it was black with a white top, although he later said that he couldn't safely say what color the barrel was, *id.* at 84, 86; (6) Charles Wofter, an American Airlines employee, testified that the drum was black, *id.* at 147; and (7) the OSHA investigation, conducted several months after the incident, identified the injurious paint stripper as "B & B 1717AMX," *id.* at 198–200.

From this evidence, a jury could reasonably find that the paint stripper that injured Mr. Thrasher was supplied by B & B Chemical Company. The fact that American Airlines has used other brands of stripper does not defeat this conclusion, as there is no evidence that any other brand was being used, or was in stock, at the time of the accident. *See* Appellee's Supp.App. at 87–88.

Several cases support our conclusion that Thrasher's evidence is sufficient to present a jury question. For example, in *Chapman v. American Cyanamid Co.,* 861 F.2d 1515 (11th Cir.1988), a child died after being vaccinated with a DTP vaccine. Although the pediatrician purchased DTP vaccine from three different suppliers, the court held that a triable issue of fact was created where the pediatrician routinely kept all drug invoices, and the only invoices located for the time period in question were from the defendant.

In *Kramer v. Weedhopper of Utah, Inc.,* 141 Ill.App.3d 217, 95 Ill.Dec. 631, 490 N.E.2d 104 (Ill.App.Ct.1986), a defective bolt was supplied by one of two companies. Reversing a grant of summary judgment, the appellate court held that a jury question was created by evidence that (1) one of the suppliers provided ninety percent of the seller's bolts, and (2) the alternate supplier was used only for special orders. Because the evidence permitted an inference that the primary supplier provided the bolt, the possibility of another supplier went to the weight of plaintiff's proof. *See also Louwagie v. Witco Chem. Corp.,* 378 N.W.2d 63 (Minn.Ct.App. 1985) (When a sales representative/part owner identified one of three companies as the supplier of allegedly defective foam, his subsequent affidavit stating that he had no way of knowing which firm made the insulation created a genuine issue of fact, precluding summary judgment).

■ Thrasher's evidence that the barrel was defective, although slim, also presents a jury question. In opposition to the motion for summary judgment, Thrasher presented the affidavit of an engineer who examined a barrel similar to the one which erupted, furnished by Florida Drum. Based on his examination, the expert identified a design or manufacturing defect whereby the plastic lin-

---

**2.** B & B argues that this interrogatory response should not be considered because it is hearsay. Because B & B did not raise this objection below it is waived; we will not entertain such an objec-

tion for the first time on appeal. *See Thomas v. United States Dep't of Energy,* 719 F.2d 342, 344 n. 3 (10th Cir.1983).

er and drum end cap misalign, creating a small opening through which chemicals could spray a significant distance if released under pressure. Appellant's App. at 70.

B & B objects to this affidavit on several grounds. First, B & B argues that the expert's opinion should not be considered because he was not endorsed as an expert on Thrasher's witness list. Thrasher, however, submitted a motion to the court requesting leave to amend his witness list. Because the court subsequently extended all the discovery and disclosure deadlines, it is reasonable to believe that leave to amend the witness list would have been granted as well.

In any event, B & B never moved the court to strike the evidence from the summary judgment consideration. Because B & B did not move to strike the expert's affidavit, it was part of the evidence before the district court and is properly considered on appeal. *See Thomas*, 719 F.2d at 344 n. 3; *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639 (2d Cir.1988) (failure to make motion to strike waives defect in affidavit supporting summary judgment motion).

B & B's second objection is that the barrel top examined by the expert had been cut for easier shipment, and that this accounted for the misalignment of the components. This objection, however, goes to the weight of the expert's opinion, not to the existence of a factual dispute.

Finally, the question of causation arises. It is clear that the circumstances surrounding the accident are disputed. For example, Thrasher's supervisor, Hector La-Plante, testified that the valve looked like it had exploded, and that only part of it remained in the barrel after the accident. *Id.* at 18. In contrast, another American Airlines employee testified that when he cleaned up the area after the accident, the valve appeared to be completely normal. Appellant's App. at 82. Thrasher testified that the entire valve came out of the barrel, leaving a two-inch opening. *Id.* at 94, 101. American Airlines engineer Mack Hay testified that storing the chemicals in sunlight caused pressure to build in the barrel, blowing out the valve. Appellee's Supp.App. at 93. Fi-

nally, Thrasher's expert identified an alleged defect which may have caused the stripper to spray a significant distance when released under pressure. Appellant's App. at 70.

In Oklahoma, a manufacturer may be held liable if a product defect combines with another cause to bring about an injury. *See Messler v. Simmons Gun Specialties, Inc.*, 687 P.2d 121, 129 (Okla.1984) (approving an instruction, in a products liability case, defining proximate cause to include a cause which combines with a concurrent cause to bring about the injury); *Fields v. Volkswagen of Am., Inc.*, 555 P.2d 48, 57 (Okla.1976) (same).

> If a causal factor is capable of combining or acting in concert with another act or omission to produce the injury, each [tortious] actor will be subject to liability for the harm that evolves. The same is said to be true when several causes operate to bring about a single result.

*Thompson v. Presbyterian Hosp., Inc.*, 652 P.2d 260, 264 (Okla.1982) (footnote omitted).

Moreover, the failure to follow a manufacturer's instructions does not per se bar recovery, but creates an issue of causation. *Treadway v. Uniroyal Tire Co.*, 766 P.2d 938, 941 (Okla.1988). To insulate the manufacturer, the failure to heed the instructions must be the sole proximate cause of the injuries, not a concurrent cause. *See Messler*, 687 P.2d at 125; *Kirkland v. General Motors Corp.*, 521 P.2d 1353, 1367 (Okla.1974).

Here, even if we assume that pressure built up in the barrel because it was improperly stored in sunlight, the alleged defect identified by Thrasher's expert may have contributed both to the accident itself and to the extent of Thrasher's injuries. Viewing all inferences in the nonmoving party's favor, Thrasher's expert identified a weakness in the barrel's design or manufacture which would allow caustic chemicals to spray for long distances when subjected to pressure. Because there is evidence of a defect which may have, at least partially, caused Thrasher's injuries, we hold the evidence sufficient to create a jury question.

The judgment of the United States District Court for the Northern District of Oklahoma

is REVERSED and the cause REMANDED for further proceedings.