John K. BALL, et al., Plaintiffs,

v.

The CITY OF DODGE CITY,
KANSAS, Defendant.

No. 91–1493–MLB.

United States District Court,
D. Kansas.

Jan. 21, 1994.

Ray E. Simmons, Derby, KS, for plaintiffs.

Ken W. Strobel, Williams, Strobel, Malone, Mason & Ralph, P.A., Dodge City, KS, Edward L. Keeley, Alan L. Rupe, Rupe & Girard Law Offices, P.A., Wichita, KS, for defendant.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on the parties' cross-motions for partial summary judgment, pursuant to Fed.R.Civ.P. 56. (Docs. 39 and 48) Plaintiffs are twenty current and former Dodge City police officers who seek to recover additional compensation allegedly due them under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

Although the parties purport to dispute certain facts, the court finds the material facts are not in dispute. On December 23, 1985, the City adopted Resolution No. 85–24. The resolution was adopted in response to the United States Supreme Court's decision in *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), which held the FLSA applicable to State and local governments. *Id.* at 556–57, 105 S.Ct. at 1020–21.[1] Resolution 85–24 provided in relevant part:

> The Law Enforcement Department shall contain three different and distinct work periods. The first detail work period shall consist of one hundred seventy hours and run from Monday at 6:30 a.m., twenty-eight consecutive calendar days, to the following fourth Monday at 6:29 a.m. The second detail work period shall consist of one hundred seventy hours and run from Monday at 2:30 p.m. twenty-eight consecutive calendar days to the following fourth Monday at 2:29 p.m. The third detail work period shall consist of one hundred seventy hours and run from Monday at 10:30 p.m., twenty-eight consecutive calendar days, to the following fourth Monday at 10:29 p.m. These period shall begin at their respective times on December 23, 1985, starting with the first detail.

Since the adoption of the resolution, plaintiffs have worked eight and one half hours on regular workdays and recorded having worked 42 and one half hours during regular work weeks on time records they submitted to supervisors. During the period the resolution has been in effect, plaintiffs have been paid a bi-weekly salary. When the plaintiffs worked in excess of 170 hours in a 28–day work period, they have been paid overtime compensation at one and a half times their

---

1. Congress amended the FLSA to delay the FLSA's application to state and local governments until April 15, 1986. Fair Labor Standards Amendments of 1985, Pub.L. No. 99–150 (1985).

regular rate.[2] Plaintiffs' overtime compensation has been computed by dividing their biweekly salary by 80 hours. The City Clerk and Assistant City Manager testified that the City uses this method because its computer software has been programmed to make the same computation for· all of the City's employees, most of whom work 40–hour weeks.

In January, 1989, the City changed the computer program for its pay stubs for all City employees. The new format showed a column for "Regular Hours" and "Overtime Hours." The plaintiffs' pay stubs contained a notation of 80 hours under the "Regular Hours" column. Fourteen of the plaintiffs were advised by City officials that this notation was made solely because of the City's computer software.

Plaintiffs commenced this action on December 2, 1991, claiming they had not been paid for one half hour per workday since the adoption of Resolution 85–24. Four of the plaintiffs also claimed they had not been fully paid for 15–minute periods before some pre-shift meetings. The parties' motions are directed only at the former claim.

## STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue of material fact and is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). At the summary judgment stage, the court must determine " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Thrasher v. B & B Chemical Co., Inc.,* 2 F.3d 995, 996 (10th Cir.1993) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986)).

## DISCUSSION

The FLSA requires employers to pay overtime at one and a half times their regular rate of pay for hours worked in excess of 40 per week. 29 U.S.C. § 207(a). However, the FLSA provides an exemption to the strict 40 hour workweek for public agencies that employ persons in fire protection or law enforcement activities. 29 U.S.C. § 207(k). Pursuant to the § 207(k) exemption, the City was authorized to adopt a work period of between 7 and 28 days and calculate the plaintiffs' hours for regular and overtime pay according to the rates explained in 29 C.F.R. § 553.230.[3] *See Lamon v. City of Shawnee, Kan.,* 972 F.2d 1145, 1150 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1414, 122 L.Ed.2d 785 (1993). The facts are uncontroverted that the City established a 28 day work period under § 207(k) when it adopted Resolution 85–24.

Plaintiffs argue the City has failed to compensate them for all of their non-overtime hours at their regular rate of pay. In what they characterize as a "shell game," plaintiffs contend the City violated the FLSA by unilaterally imposing the same salary for 170 hours of work that it previously paid for 160 hours of work. In support of this contention, plaintiffs point to the fact that their biweekly pay stubs reflect payment for 80 hours of work. Plaintiffs contend they are entitled to 10 hours of additional non-overtime pay for each work period.

Plaintiffs' argument is flawed because it fails to appreciate the significance of the City's adoption of a 28 day work period under § 207(k). Following the passage of Resolution 85–24, the City was obligated to pay the plaintiffs a regular wage for the first 170 hours worked and overtime wages for work in excess of 170 hours. The City was not required to adjust plaintiffs' salaries when it adopted the § 207(k) plan. *See Aaron v. City of Wichita, Kan.,* 797 F.Supp. 898, 903 (D.Kan.1992). The fact that plaintiffs' work period would have entitled them to

**2.** The parties stipulated to this fact in the pretrial conference order. In their response to the City's statement of uncontroverted facts, plaintiffs purport to controvert this fact. Plaintiffs have not moved to withdraw the stipulation, and the court will deem the City's statement of uncontroverted fact # 12 admitted.

**3.** For a 28 day work period, overtime wage rates must be paid for hours worked in excess of 171.

compensation under the general rule of § 207(a) is not significant. Section 207(a) no longer governed plaintiffs' employment, and plaintiffs retained no vested right to compensation according to its provisions after the City adopted a § 207(k) plan. Contrary to plaintiffs' argument, the City's adoption of a § 207(k) plan is not a sham. *Lamon*, 972 F.2d at 1152. Even if the effect of the City's adoption of a § 207(k) plan is to reduce the amount of compensation plaintiffs would have received had § 207(a) been in effect, the FLSA is not violated. *Id.* Plaintiffs' theory would force an employer either to increase the employee's salary or set a maximum hour threshold under its § 207(k) plan well below the number stated in the Department of Labor's regulations. Neither option is required, and the latter would effectively undermine the flexibility granted to employers by § 207(k).

The fact that plaintiffs' pay stubs denoted payment for 80 hours of work is immaterial. Plaintiffs admit this notation results from the operation of the City's computer software and was not intended to denote payment for 80 hours worked. (City's Statement of Uncontroverted Fact # 37).

Plaintiffs were compensated at the regular rate for all hours worked. Accordingly, the City's cross-motion (Doc. 39) for partial summary judgment is hereby granted and plaintiffs' cross-motion (Doc. 48) for partial summary judgment is denied.

IT IS SO ORDERED.