67 F.3d 897
 131 Lab.Cas. P 33,303, 2 Wage & Hour Cas.2d
(BNA) 1601
 John K. BALL, James A. Burkhard and Robert F. Strader, II,
on behalf of themselves and all others similarly
situated, Plaintiffs-Appellants,
and
Joan M. Addison, Neil A. Baltazor, Eric S. Bates, Dennis M.
Cork, Mariclaire E. Kraft, Gary Lee Kragh, Martin L. Lewis,
James P. Lyall, Edwardo Martinez, Ernest J. Mazza, Craig A.
Mellecker, Gary S. Nelson, Susan D. Pickle, Glen W. Rakes,
Gaylon L. Rose, Frankie G. Sanchez, Steven F. Schwiering, Plaintiffs,
v.
The CITY OF DODGE CITY, KANSAS, Defendant-Appellee.
 No. 94-3244.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 12, 1995.
 
 Ray E. Simmons, Derby, Kansas, for Plaintiffs-Appellants.
 Edward L. Keeley, Rupe & Girard Law Offices, Wichita, Kansas, for Defendant-Appellee.
 Before TACHA, LOGAN, and BRISCOE, Circuit Judges.
 BRISCOE, Circuit Judge.
 
 
 1
 Plaintiffs-appellants, all current or former police officers of defendant Dodge City, appeal[1] from a partial summary judgment rejecting their claim for unpaid wages allegedly due under the Fair Labor Standards Act (FLSA), 29 U.S.C. Secs. 201-219.[2] The claim was directed at City Resolution 85-24, adopted in December 1985 to establish a pay schedule for police officers in anticipation of the FLSA's application to state and local governments commencing April 15, 1986. See generally Lamon v. City of Shawnee, 972 F.2d 1145, 1149-50 (10th Cir.1992) (summarizing legislative and judicial history culminating in extension of FLSA to state and local governments), cert. denied, --- U.S. ----, 113 S.Ct. 1414, 122 L.Ed.2d 785 (1993). By placing City police officers on a regular pay schedule of 170 hours per four-week period, Resolution 85-24 takes advantage of the Act's exemption of law enforcement personnel from the prescribed forty-hour workweek, see Lamon, 972 F.2d at 1150 (discussing 29 U.S.C. Sec. 207(k) and 29 C.F.R. Sec. 553.230). But that is not the focus of plaintiffs' claim. Rather, they contend the Resolution also constitutes an illegal attempt to circumvent required meal and meeting time pay[3] (one-half hour at regular wage per shift, or ten hours per pay period) by simply extending the workday by one-half hour without compensation. On cross-motions for summary judgment and essentially undisputed facts, the district court ruled for the City, holding that Resolution 85-24 was a valid implementation of FLSA compensation options and, in any event, was passed at a time when the Act did not yet apply to the City. See Ball v. City of Dodge City, 842 F.Supp. 473 (D.Kan.1994), reconsideration denied, 1994 WL 326741, 1994 U.S.Dist. LEXIS 8849 (June 22, 1994). We affirm by relying on the district court's alternative theory that the City passed Resolution 85-24 at a time when the Act did not yet apply to the City and, therefore, the City's passage of the resolution was not a violation of the Act.
 
 
 2
 We review summary judgment determinations de novo, applying the same standard used by the district court under Fed.R.Civ.P. 56(c). James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). Thus, we will affirm the grant of summary judgment "if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994) (quoting Rule 56(c)), cert. denied, --- U.S. ----, 115 S.Ct. 934, 130 L.Ed.2d 880 (1995). Further, we need not agree with all of the district court's reasoning, but may affirm on any proper legal ground. Resolution Trust Corp. v. FSLIC, 25 F.3d 1493, 1503 (10th Cir.1994).
 
 
 3
 The district court expressly relied on our opinion in Lamon to reject plaintiffs' FLSA claim: "Contrary to plaintiffs' argument, the City's adoption of a Sec. 207(k) plan is not a sham. Lamon, 972 F.2d at 1152. Even if the effect of the City's adoption of a Sec. 207(k) plan is to reduce the amount of compensation plaintiffs would have received [otherwise], the FLSA is not violated. Id." Ball, 842 F.Supp. at 475. While this reference to Lamon is correct as far as it goes, it omits an important distinction which is pertinent here.
 
 
 4
 Although "there is nothing improper about a state or local-government employer adopting the subsection (k) framework in order to take advantage of that subsection's provisions," Lamon, 972 F.2d at 1152 (emphasis added), "an employer may not impose sham changes in its employment scheduling and compensation policies so as to evade the Act," id. (emphasis added). As we have already noted, plaintiffs do not object that the City (properly) exploited the employer-favorable overtime provisions in Sec. 207(k); they complain, rather, that the City concomitantly lengthened the regular workshift with no incremental increase in pay so as to nullify the FLSA's employee-favorable meal and meeting time pay requirements. In Lamon, this court adopted the view that such strategic, uncompensated extensions of the work day "weigh[ ] in favor of finding [a pay schedule] change not to be bona fide." Id. at 1152-53 nn. 9, 10. We need not remand this matter for consideration of additional factors in evaluating the City's conduct, however, as the district court's alternative rationale provides a sound legal basis for disposition of this case.
 
 
 5
 A number of courts have held that a government employer's allegedly FLSA-defeating wage adjustment, resulting, as here, in a pay system that is itself in compliance with the Act,[4] cannot constitute a violation of Sec. 207 if the change was effected before April 15, 1986, i.e., at a time when that provision did not govern the employer's pay practices.[5] See, e.g., York v. City of Wichita Falls, 48 F.3d 919, 922 (5th Cir.1995); Anderson v. City of Bristol, 6 F.3d 1168, 1173-74 (6th Cir.1993); Wethington v. City of Montgomery, 935 F.2d 222, 225-30 (11th Cir.1991). The following passage from the seminal Wethington case fully explains the rationale underlying this body of case law:
 
 
 6
 This case ... does not present an issue of whether the Act barred the [allegedly sham] calculation of the regular rate [of pay], because here Congress delayed application of the Act until April 16, 1986, ten months after the calculation took place.... Because the calculation occurred prior to the Act's effective date, [plaintiffs] cannot argue the Act governs those calculations.
 
 
 7
 [Plaintiffs] also argue that even if the calculations made by the City were not invalid because the Act was not yet in effect, ... the resulting system implemented based on the calculations became invalid as soon as it was covered by the Act. Although [plaintiffs] cite cases in which creative calculations ... were invalidated, even if the resulting system appeared to comply with the FLSA, all of these cases ... involved calculations of the regular rate occurring after the application of the Act. Neither the Supreme Court nor our circuit has held that calculations occurring prior to the Act tainted the otherwise valid system employed under the Act. Rather, the Supreme Court has found that the calculations themselves, and not the systems produced from the calculations, were the source of the violation of the FLSA. That is, if [sham] calculations occur after the Act, ... the calculations, as opposed to the [resulting] system, violate the Act. In this case, however, the calculations simply were not covered by the Act in June 1985. We can find no authority for finding an otherwise valid system invalid because it was based on calculations made prior to the Act.
 
 
 8
 Wethington, 935 F.2d at 228 (footnotes and citations omitted). We join our sister circuits in embracing this common-sense view.
 
 
 9
 Plaintiffs argue that the City violates their FLSA rights anew with each paycheck. See Brief of Appellants at 46-49. Under the analysis adopted herein, such a "continuing violation" theory is plainly inapposite:
 
 
 10
 For there to be a continuing violation, there must be at least a violation. The plaintiffs' argument assumes that the City's calculation of the regular hourly rate, which was lawful in ... 1985, somehow became unlawful after April 15, 1986.... We cannot use a continuing violation theory to make a discrete lawful act unlawful upon a change in the applicable law.
 
 
 11
 York, 48 F.3d at 922-23. Accordingly, we hold that the City did not violate Sec. 207 when it extended plaintiffs' regular workshift by one-half hour in anticipation of the impending application of the FLSA.
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 This interlocutory order became final and appealable after plaintiffs voluntarily dismissed their remaining claims and the district court denied their motion to alter or amend judgment under Fed.R.Civ.P. 59(e)
 
 
 [3]
 The parties stipulated that in-shift meal periods and pre-shift squad meetings were "hours worked" under the FLSA. See Appendix (App.) Vol. I at 50
 
 
 [4]
 We note that, notwithstanding the insidious motive plaintiffs espy in the surrounding circumstances, there is nothing improper in the fact that the City continues to pay its police officers an overtime wage higher than the FLSA formula would require, based on their regular (170-hour) pay. See Lamon, 972 F.2d at 1154
 
 
 [5]
 We consider only whether plaintiffs have substantiated a claim under Sec. 207. Plaintiffs specifically disavowed "any claim that defendant violated ... Section 8 of the FLSA Amendments of 1985," App. Vol. I at 51, which, unlike Sec. 207, expressly applies to one category of wrongful conduct (retaliatory discrimination) engaged in by government employers before April 15, 1986, see 29 U.S.C. Sec. 215 note (quoting Pub.L. No. 99-150, Sec. 8, 99 Stat. 791, for prohibition on "discriminat[ion] against an employee with respect to the employee's wages or other terms or conditions of employment because on or after February 19, 1985, the employee asserted [FLSA rights]"). Compare Anderson, 6 F.3d at 1170-73 (discussing Sec. 8 liability) with id. at 1173-74 (discussing Sec. 207 liability)