**RUSSELL STOVER CANDIES, INC., Plaintiff,**

v.

**DOUBLE VV, INC., Defendant.**

**Civil Action No. 97–2144–KHV.**

United States District Court, D. Kansas.

Oct. 30, 1997.

**1360**

David W. Hauber, Boddington & Brown, Chtd., Kansas City, KS, Alan K. Goldstein, David A. Perney, Goldstein & Price, St. Louis, MO, for Plaintiff.

Thomas R. Buchanan, McDowell, Rice, Smith & Gaar, Kansas City, MO, for Defendant.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

Plaintiff, Russell Stover Candies, Inc. brings this action for damages under 49 U.S.C. § 11707, commonly known as the Carmack Amendment to the Interstate Commerce Act, for damages to candy-making machines which were damaged in transit from Bremerhaven, Germany to plaintiff's plant in Abilene, Kansas. The matter is before the Court on *Defendant's Motion For Summary Judgment* (Doc. # 26) filed October 1, 1997. Defendant advances two arguments in support of its motion. First, it argues that the Carmack Amendment does not apply in this case. Second, it argues that the bills of lading issued for the shipment limit plaintiff's claim to $500 per container. Because the Court finds that numerous material issues of fact remain unanswered, defendant's motion is overruled.

### Summary Judgment Standards

Rule 56(c) of the Federal Rules of Civil Procedure directs the entry of summary judgment in favor of the party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A principal purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact by informing the court of the basis for its motion. *Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410, 1414 (10th Cir.1993). This burden, however, does not require the moving party to "support its motion with affidavits or other similar materials negating the opponent's claim." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553 (emphasis in original). Once the moving party properly supports its motion, the nonmoving party may not rest upon mere allegation or denials of his or her pleadings, "but must set forth specific facts showing that there is a genuine issue for trial." *Muck v. United States*, 3 F.3d 1378, 1380 (10th Cir.1993). The court reviews the evidence in a light most favorable to the nonmoving party, *e.g.*, *Thrasher v. B & B Chem. Co., Inc.* 2 F.3d 995, 996 (10th Cir.1993), under the substantive law and the evidentiary burden applicable to the particular claim. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14.

### Factual Background

This case involves the shipment of candy-making machines from Bremerhaven, Germany to Abilene, Kansas in late 1994. Defendant provides two bills of lading allegedly issued for the shipment: a bill of lading by

Blue Anchor Line dated November 10, 1994, which identifies Bremerhaven as the port of loading, New Orleans as the port of discharge, and Abilene as the final destination; and a Polish Ocean Lines bill of lading—also dated November 10, 1994—with the same designations for ports of loading, discharge, and final destination. The two bills of lading are the only bills of lading which the parties have located. Both bills of lading reference a container, denominated POLU 408–782, which contained the machinery in question.

In December 1994, defendant Double VV, Inc., picked up a shipment of goods in Kansas City, Missouri, for transport to Abilene, Kansas. Double VV did not issue a bill of lading for its shipment. The shipment included container POLU 408–782, which was in good condition when Double VV received it in Kansas City. Double VV loaded the goods onto its truck trailer and transported them to Abilene. The truck arrived in Abilene on December 12, 1994. As it exited Interstate–70, however, the truck overturned and damaged the cargo inside, including the contents of container POLU 408–782.

### Analysis

■ Defendant first argues that it is entitled to judgment as a matter of law because the Carmack Amendment does not apply to goods transported under a through bill of lading from a foreign country to a destination in the Untied States. *See e.g., Capitol Converting Equip., Inc. v. LEP Transport, Inc.,* 965 F.2d 391 (7th Cir.1992); *New York Marine & Gen. Ins. Co. v. S/S "Ming Prosperity",* 920 F.Supp. 416 (S.D.N.Y.1996); *Canon USA, Inc. v. Norfolk S. Ry. Co.,* 936 F.Supp. 968 (N.D.Ga.1996). Defendant is correct that these cases hold that the Carmack Amendment applies to a shipment from a foreign destination to a location in the United States if the domestic portion of the transportation is covered by a separate bill of lading, but does not apply to the shipment if covered by a through bill of lading. On this record, however, defendant is not entitled to summary judgment on this theory.

The Court is initially persuaded by the reasoning of *Canon USA, Inc., v. Nippon Liner System, Ltd.,* 1992 WL 82509 (N.D.Ill. 1992), which criticized the requirement that a separate bill of lading must be issued for the domestic portion of the transportation, in order for the Carmack Amendment to apply to a shipment between a foreign country and the United States. It is clear that in order for the Carmack Amendment to apply, the Interstate Commerce Commission ("ICC") must have jurisdiction over the shipment in question. 49 U.S.C. § 11707(a)(1). The ICC has jurisdiction over shipments between a place in "the United States and a place in a foreign country to the extent the transportation is in the United States." 49 U.S.C. § 10521(a)(1)(E). This is known as the "continuation of foreign commerce" provision. *Id.* at *6 (citing *Swift Textiles, Inc. v. Watkins Motor Lines, Inc.,* 799 F.2d 697, 699 (11th Cir.1986)). The *Canon USA* court held that nothing in these statutory provisions requires a separate bill of lading for the Carmack Amendment to apply under the continuation of foreign commerce provision. This Court is inclined to agree. We need not reach this determination today, however, because material issues of fact prevent us from deciding on this record which bill of lading covered the shipment in this case and whether the shipment represented a continuation of foreign commerce.

In this case, defendant presents two separate bills of lading which covered the shipment from Bremerhaven to New Orleans by ship. It is unclear which shipping company actually transported the goods for the ocean portion of the shipment, and defendant presents no evidence regarding the transportation from New Orleans to Kansas City, Missouri—the destination from which Double VV picked up the cargo for delivery to Abilene. Accordingly, the Court finds that summary judgment on plaintiff's Carmack Amendment claim is not appropriate.[1]

Alternatively, defendant argues that the Blue Anchor and Polish Ocean Line bills of lading limit its liability to $500 per package.

---

1. In the event defendant establishes its right to judgment as a matter of law on this claim at trial, plaintiff may still proceed on a common law negligence claim. *See Underwriters at Lloyds*

*of London v. North American Van Lines,* 890 F.2d 1112 (10th Cir.1989) (Carmack Amendment preempts common law negligence claim for damage to goods).

According to defendant, both bills of lading contain a "Himalaya clause" which extends to Double VV as a subcontractor of the ocean carrier the $500 limitation of liability provision of the Carriage of Goods by Sea Act, 46 U.S.C.App. § 1300 *et seq.* ("COGSA").

 COGSA, by its terms, applies only to the ocean portion of a shipment. 46 U.S.C.App. § 1301(e). The bill of lading, however, may contractually expand COGSA coverage to third parties if it expresses a clear intent to provide benefits to a well-defined class of readily identifiable persons such as agents and subcontractors. Such a clause is called a Himalaya clause and is to be strictly construed. *See Canon USA*, 936 F.Supp. at 971 and cases cited therein.

Plaintiff's response to defendant's motion raises serious questions as to who negotiated the terms of shipment, under what authority, and whether plaintiff had an opportunity to declare a value in excess of $500. Indeed, plaintiff avers that it had no opportunity to declare a value for its goods or to pay a higher transport rate commensurate with a higher value. *See Bailey v. Morgan Drive–Away, Inc.*, 647 F.Supp. 648 (D.Kan.1986) (genuine issue of fact whether plaintiff given opportunity to declare higher value). Accordingly, the Court cannot hold as a matter of law that the limitations of liability in the two bills of lading act to effectively bar plaintiff's damage claims.

**IT IS THEREFORE ORDERED** that *Defendant's Motion For Summary Judgment* (Doc. # 26) filed October 1, 1997, should be and hereby is overruled.