NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUSTAVO ADOLFO GALVEZ MERIDA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    21-687

Agency No. A209-184-430

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 22, 2023[**]
Pasadena, California

Before: RAWLINSON and BRESS, Circuit Judges, and ZOUHARY,[***] District Judge.

Gustavo Adolfo Galvez Merida (Galvez Merida), a native and citizen of

Guatemala, petitions for review of a decision of the Board of Immigration Appeals

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jack Zouhary, Sr. United States District Judge for the Northern District of Ohio, sitting by designation.

(BIA) dismissing his appeal of the denial of cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a). We dismiss in part and deny in part the petition.

"We review for substantial evidence the agency's determination that a petitioner has failed to establish eligibility for asylum or withholding of removal . . ." *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (citation, alteration and internal quotation marks omitted). We also review for substantial evidence the BIA's determination to deny CAT relief. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022), *as amended*. The substantial evidence standard requires the Court to uphold the BIA's decision unless the record compels reversal. *See id*. "We review de novo the BIA's conclusions on pure questions of law. . . ." *Iraheta-Martinez v. Garland*, 12 F.4th 942, 947 (9th Cir. 2021) (citation omitted).

1.      We lack jurisdiction to review the merits of the BIA's discretionary decision to deny cancellation of removal[1]. *See Aguilar-Osorio v. Garland*, 991

---

[1]Contrary to Galvez Merida's assertion that the BIA impermissibly reached issues not decided by the Immigration Judge, the BIA "may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges *de novo*." 8 C.F.R. § 1003.1(d)(3)(ii), *see also Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1119 (9th Cir. 2019) ("The word 'review' does not prohibit the BIA from exercising its own discretion in the first instance. . . .") (citations omitted).

F.3d 997, 999 (9th Cir. 2021) (per curiam). Galvez Merida failed to raise a cognizable constitutional or legal claim over which we would have jurisdiction. *See Patel v Garland*, 142 S.Ct. 1614, 1627 (2022). Nor do we have jurisdiction to reweigh the evidence underlying the BIA's decision to deny cancellation of removal as a matter of discretion. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009).

2. The record does not compel the conclusion that Galvez Merida would be harmed on account of a protected ground. Rather, Galvez Merida fears generalized crime by gangs in Guatemala. Thus, Galvez Merida failed to establish "one central reason" or "a reason" for any past or future persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010), *as amended* ("[The] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground. . . .") (citations omitted)[2].

3. Substantial evidence supports the denial of CAT relief. To qualify for

---

[2] Because the BIA accepted Galvez Merida's proposed social group in addressing the nexus issue, we need not address Galvez Merida's contentions regarding his particular social group. *See Gonzalez-Veliz v. Garland*, 996 F.3d 942, 949 (9th Cir. 2021) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.") (citation omitted).

protection under the CAT, a petitioner "must demonstrate that it is more likely than not that he would be tortured if removed" and that the torture would occur "by or at the instigation of or with the consent or acquiescence of a public official." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (citations omitted). The threat of torture must be particularized. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam). The evidence before the agency does not compel the conclusion that Galvez Merida established a particularized risk of torture, because "generalized evidence of violence and crime" is insufficient to establish eligibility for CAT relief. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam); *see also B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) ("Generalized evidence of violence in a country is . . . insufficient to establish that anyone in the government would acquiesce to a petitioner's torture.") (citation omitted).

**PETITION DISMISSED IN PART AND DENIED IN PART.**