**Amancio J. D'COSTA, Plaintiff,**

v.

**UNITED STATES LINES COMPANY, Defendant.**

United States District Court
S. D. New York.
Jan. 14, 1964.

Fields & Rosen, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant, Ralph C. Kreimer, Thomas Coyne, New York City, of counsel.

McLEAN, District Judge.

This is a seaman's action under the Jones Act (46 U.S.C. § 688). Plaintiff was a member of the crew of defendant's vessel. The complaint alleges that on April 7, 1963,[1] "while plaintiff was about to board the defendant's vessel at the port of Bilbao, Spain, he was caused to slip and/or trip and fall causing the injuries complained of herein." It alleges further that "the aforesaid occurrence was due solely to the unseaworthiness of the said vessel and the negligence of defendant." Recovery is asked in the sum of $1,000,000.

■ Defendant moves, pursuant to Rule 56, for summary judgment. There is no dispute of fact. The facts upon which the motion is based are taken from plaintiff's own testimony concerning the accident as set forth in his deposition. These facts are also summarized in defendant's statement under Rule 9(g), a statement which has not been controverted by plaintiff and is therefore deemed admitted.

Briefly, the facts are these:

On April 21, 1963, the vessel was in port at Santurce. At about 6:30 or 7:00 P.M. that day, plaintiff, who was off duty, went ashore for his own entertainment. He was alone. He walked from the ship along a roadway to the bottom of a hill where he ascended a stairway to the street level of the town. He visited several stores and a restaurant where he had food and one or two glasses of beer. At about 11:00 P.M. he left the restaurant on his way back to the ship. He walked to the top of the stairs, started to descend, and one or two steps below the third landing, his foot slipped in some garbage or rubbish on the stairs, he fell off and was injured.

There were no handrails on the stairs and no lights except the street light at the top of the flight. As plaintiff went down the stairs it got darker.

Plaintiff identified photographs of the scene which were marked upon the deposition and are part of the record here. They show the location of the stairway with reference to the harbor. They show that the stairs descend a bank from the town, pass over a railroad track and then descend further to a road from which another road leads to the dock area. The record is silent as to the distances, but the photographs indicate that at a conservative estimate it must have been several hundred yards from the bottom of the stairs to the dock area. The stairs were not in any sense a part of the dock.

It is not claimed that defendant had any control whatever over these stairs. The record does not show who did, but it would appear that the stairs were part of the city streets of the city of Santurce, since they connected the street on the bank above with the street at the foot of the stairs below.

■ On these facts, there is no possible basis for a claim that the vessel was unseaworthy. Dangovich v. Isthmian Lines, Inc., 218 F.Supp. 235 (S. D.N.Y. 1963).

■ Nor is there any evidence which could support a finding of negligence. The law is clear that a ship owner is not under a duty to warn crew members who are going ashore for their own pleasure of the existence of possible dangerous conditions in a shore area beyond the ship's control. Wheeler v. West India S.S. Co., 103 F.Supp. 631 (S.D. N.Y. 1951), aff'd per curiam 205 F.2d 354 (2d Cir. 1953), cert. denied, 346 U.S. 889, 74 S.Ct. 141, 98 L.Ed. 393 (1953); Paul v. United States, 205 F.2d 38 (3rd Cir. 1953), cert. denied, 346 U.S. 888, 74 S.Ct. 140, 98 L.Ed. 392 (1953); Todahl v. Sudden & Christenson, 5 F.2d 462 (9th Cir. 1925); Dangovich v. Isthmian Lines, Inc., supra; Martinez v. S.S. Hawaiian Retailer, 1963 A.M.C. 1188 (S. D.Ga.1963). See also: Thurnau v. Al-

---

1. It is conceded that this date is erroneous and that the accident occurred on April 21, 1963. It is also conceded that it occurred not at Bilbao, Spain, but at Santurce, Spain, which is near Bilbao.

coa Steamship Company, 229 F.2d 73 (2d Cir. 1956), cert. denied, 351 U.S. 925, 76 S.Ct. 783, 100 L.Ed. 1455 (1956); Lemon v. United States, 68 F.Supp. 793 (D.Md. 1946).

There is no need to recite the facts of these cases. Some of them were more favorable to the plaintiff than those of the case at bar, yet recovery has been consistently denied, and in at least one case, Martinez v. S.S. Hawaiian Retailer, supra, by summary judgment.

On plaintiff's own testimony, defendant is entitled to judgment as a matter of law.[2]

Motion granted. So ordered.

---

2. This motion was argued on November 26, 1963. On January 6, 1964, plaintiff, without asking the court's permission, submitted a deposition of a witness, Carmine Albano, which obviously was not part of the record on this motion since it was not even taken until January 3, 1964. Although I do not approve of this practice, I have nevertheless read the deposition and find nothing in it which in any way affects my conclusion.