HOPSON ET AL. *v.* TEXACO, INC.

No. 818.   Decided February 28, 1966.

*Abraham E. Freedman* for petitioners.

*Harry E. McCoy* for respondent.

PER CURIAM.

These actions were brought under the Jones Act, as amended (41 Stat. 1007, 46 U. S. C. § 688 (1964 ed.)), to recover damages for injuries sustained by one seaman, and for the death of another, as a result of an automobile accident on the island of Trinidad.   Judgment on the jury's verdict was entered in United States District Court in favor of the plaintiffs, but the Court of Appeals

reversed. 351 F. 2d 415. We grant the petition for a writ of certiorari and reverse.

The facts are not in dispute. The two seamen were members of the crew of respondent's tanker which was docked at respondent's refinery at Pointe-à-Pierre on the island of Trinidad. Both fell ill and it was determined that they would be unable to continue the voyage. In order to discharge an incapacitated seaman in a foreign port, federal law [1] requires that he be taken to a United States Consul where arrangements for his return to the United States can be made. The United States Consul's Office was located in Port of Spain, some 38 miles distant. Although respondent had a fleet of motor vehicles used for transportation in the immediate vicinity of the refinery and docking area, its practice was to utilize either of two local taxi companies for journeys to more distant points. The ship's Master procured one of these cabs which set out for Port of Spain with the two ill seamen. En route, the taxi collided with a truck, killing the Master and one of the seamen; the other seaman was seriously injured. The jury found that the taxi driver had been negligent— a finding challenged neither in the Court of Appeals nor here. The Court of Appeals reversed the District Court's determination that respondent is liable to petitioners for this negligence of the taxi operator.

The Jones Act [2] incorporates the standards of the Federal Employers' Liability Act, as amended,[3] which renders an employer liable for the injuries negligently inflicted on its employees by its "officers, agents, or employees." [4] We noted in Sinkler v. Missouri Pac. R. Co., 356 U. S. 326, that the latter Act was "an avowed

---

[1] Rev. Stat. §§ 4578, 4580, 4581, as amended, 46 U. S. C. §§ 679, 682, 683 (1964 ed.).

[2] 46 U. S. C. § 688 (1964 ed.).

[3] 53 Stat. 1404, 45 U. S. C. § 51 et seq. (1964 ed.).

[4] 45 U. S. C. § 51 (1964 ed.).

departure from the rules of the common law" (*id.,* at 329), which, recognizing "[t]he cost of human injury, an inescapable expense of railroading," undertook to "adjust that expense equitably between the worker and the carrier." *Ibid.* In order to give "an accommodating scope . . . to the word 'agents'" (*id.,* at 330–331), we concluded that "when [an] . . . employee's injury is caused in whole or in part by the fault of others performing, under contract, operational activities of his employer, such others are 'agents' of the employer within the meaning of § 1 of FELA." (*Id.,* at 331–332).

We think those principles apply with equal force here. These seamen were in the service of the ship and the ill-fated journey to Port of Spain was a vital part of the ship's total operations. The ship could not sail with these two men, nor could it lawfully discharge them without taking them to the United States Consul. Indeed, to have abandoned them would have breached the statutory duty to arrange for their return to the United States. Getting these two ill seamen to the United States Consul's office was, therefore, the duty of respondent. And it was respondent—not the seamen—which selected, as it had done many times before, the taxi service. Respondent—the law says—should bear the responsibility for the negligence of the driver which it chose. This is so because, as we said in *Sinkler,* "justice demands that one who gives his labor to the furtherance of the enterprise should be assured that all combining their exertions with him in the common pursuit will conduct themselves in all respects with sufficient care that his safety while doing his part will not be endangered." 356 U. S., at 330.

*Reversed.*

MR. JUSTICE HARLAN, believing that *Sinkler* v. *Missouri Pac. R. Co.,* 356 U. S. 326, should not be extended, dissents.