**Mrs. Annie Bell Guffy MOORE,
Plaintiff-Appellant,**

v.

**ASSOCIATED PIPELINE CONTRAC-
TORS, Defendant-Appellee.**

**No. 72–2530
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.
Nov. 3, 1972.

W. D. Atkins, Jr., Lafayette, La., for plaintiff-appellant.

Edmund E. Woodley, Lake Charles, La., for defendant-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from a summary judgment for the defendant in a wrongful death action under the Jones Act, 46 U.S.C.A. § 688. To hold the employer liable under this Act it must be shown that the death was attributable

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

to some negligence for which the employer was responsible. The trial court found on undisputed evidence that there was no negligence attributable to the employer. We affirm.

The plaintiff's husband Moore was a laborer on defendant's pipeline barge and served as union steward for that job. He was authorized under the labor contract to perform union business during working hours. Desiring to attend a two-day union meeting on shore, but having no automobile, Moore asked a fellow employee, Nugent, to drive him to the meeting. While returning to the dock from the union meeting, Nugent was involved in an automobile accident in which Moore was killed. This action against the barge company ensued.

■ It is undisputed that Moore's death resulted from the negligence of Nugent. For liability to attach under the Jones Act, however, it is necessary that the negligence be imputed to the employer. Hopson v. Texaco, 1966, 383 U.S. 262, 86 S.Ct. 765, 15 L.Ed.2d 740. Under the labor contract, no employee, with the possible exception of the union steward, had any right to shore leave until the job was completed. When Nugent left the barge, he left the scope of his employment relationship and the employer barge company was no longer responsible for his actions. Thus, the district court properly entered summary judgment for the employer on the undisputed showing that Moore's death, not being caused by the employer, its agent, or its employee, was not subject to the Jones Act.

Since Moore's death was not the responsibility of the employer, it is unnecessary to determine whether the two-day absence of Moore is more closely related to the "authorized shore leave" of Aguilar v. Standard Oil Co., 1943, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107, or the off duty time in Daughdrill v. Diamond M. Drilling Co., 5 Cir. 1971, 447 F.2d 781, and Sellers v. Dixilyn Corp., 5 Cir. 1970, 433 F.2d 446.

Affirmed.