475 F.2d 1139
 Mrs. Barbara Janusa SMITH, Individually and as Natural
Tutrix of her minor children, Lee Roy Smith, III
and Raymond Smith, Plaintiff-Appellant,
v.
ASSOCIATED PIPE LINE CONTRACTORS, INC. and Travelers
Insurance Company, Defendants-Appellees, Liberty
Mutual Insurance Company, Intervenor.
 No. 73-1087 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 April 20, 1973.
Rehearing Denied May 16, 1973.
 
 Robert E. Morgan, Lake Charles, La., for plaintiff-appellant.
 Edmund E. Woodley, Lake Charles, La., for Associated Pipe Line Contractors, Inc.
 Bruce J. Borrello, New Orleans, La., Richard A. Chozen, Lake Charles, La., for Liberty Mutual Ins. Co.
 Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff's husband was killed in a two-car collision which resulted from the negligence of defendant's employee, Nugent. We have previously sustained a summary judgment denying liability of the employer under the Jones Act for the death of a fellow-employee guest passenger riding with Nugent on the ground that the driver Nugent was not in the course of his employment at the time of the accident. Moore v. Associated Pipeline Contractors, 468 F.2d 815 (5th Cir. 1972).
 
 
 2
 Plaintiff contends that Nugent was acting in the course and scope of his employment, under Louisiana law,[1] at the time of the collision with her husband's automobile. We affirm the summary judgment for the defendant on the basis of the opinion of the District Court. Smith v. Associated Pipe Line Contractors, Inc., 357 F.Supp. 493 (W.D.La.1972).
 
 
 3
 Affirmed.
 
 
 
 *
 Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409
 
 
 [1]
 Louisiana Civil Code of 1870, Article 2370
 Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
 Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
 In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it. See O'Brien v. Traders & General Insurance Co., 136 So.2d 852 (La.App.1961).