**Morris BROUSSARD**

v.

**MARINE TRANSPORT LINES, INC.**

**No. B–73–CA–160.**

United States District Court, E. D. Texas, Beaumont Division.

Jan. 28, 1974.

Charles B. Smallwood, Waldman & Smallwood, Beaumont, Tex., for plaintiff.

Hubert Oxford, III, Benckenstein, McNicholas, Ball, Oxford, Radford & Johnson, Beaumont, Tex., for defendant.

---

## MEMORANDUM OPINION AND ORDER

STEGER, District Judge.

This is an action brought by a seaman under the Jones Act, 46 U.S.C., Sec. 688, for personal injury damages in an amount not to exceed $95,000.00 and for maintenance. The plaintiff alleges in his complaint "that on or about February 21, 1971, he was returning to the vessel in the transportation furnished by defendant, when he was thrown from the pickup truck and suffered injuries to his left elbow, right arm, back and body." He further alleges that these injuries were attributed to "the negligence of the defendant, its master, officers and employees, and/or the unseaworthiness of the said vessel . . ."

The defendant moves for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, and bases his motion on the pleadings and the deposition testimony of the plaintiff, Morris Broussard. The defendant's motion concerns only the plaintiff's negligence and unseaworthiness claims and not the claim for maintenance. The Court is of the opinion that there are no material facts in dispute and the matter is proper for a determination pursuant to Rule 56.

The facts of the case may be briefly stated as follows:

On February 21, 1971, the day that the plaintiff suffered his injuries, the S. S. MARINE CHEMIST was docked in Puerto Rico. While the plaintiff was off duty from the ship, he walked to the beach to go swimming. When he was through swimming, he and a couple other seamen were hitchhiking back to the ship and caught a ride on a pickup truck. The plaintiff fell off the back of the truck and was injured when it accelerated too fast. The plaintiff did not know who owned the truck, although he said he later heard that it may have been the Phillips Oil Company.

■ Authority need not be cited for the proposition that the doctrine of seaworthiness imposes the duty upon a shipowner to furnish a vessel and equipment that is reasonably fit for its intended use. This duty is nondelegable and absolute. However, in the case at bar, there has been no evidence advanced by the plaintiff that would support a claim that the S. S. MARINE CHEMIST was unseaworthy. See Dangovich v. Isthmian Lines, Inc., 218 F.Supp. 235, 236 (S.D.N.Y.1963); D'Costa v. United States Lines Company, 227 F.Supp. 180, 181 (S.D.N.Y.1964). Therefore, the Court concludes that the vessel, its equipment and appurtenances were in seaworthy condition on the date of the plaintiff's injury.

■ The Court is convinced that the plaintiff's Jones Act negligence claim is equally untenable. While it is true that seamen have long been treated as wards of the admiralty courts, see Cortes v. Baltimore Insular Line, 287 U.S. 367, 377, 53 S.Ct. 173, 77 L.Ed. 368 (1932), it is also true that the shipowner is not liable for any and all of the injuries that befall them. Paul v. United States, 205 F.2d 38 (3d Cir. 1953).

■ The initial inquiry for this Court is whether the plaintiff was in the "course of employment" on the occasion in question. In Braen v. Pfeifer Oil Transportation Co., 361 U.S. 129, 80 S.Ct. 247, 4 L.Ed.2d 191 (1959), the Supreme Court said that the term "course of employment", as used in the Jones Act, is the equivalent of "service of the ship" in maintenance and cure cases. Under the facts of the instant case, the Court finds that the plaintiff was in the course of his employment on February 21, 1971.

■■ Even though the Court finds that the plaintiff was in the course of his employment, he must still prove that his injury was caused by the negligence of the shipowner, its officers or employees. Courts have consistently held that the shipowner is under no duty to provide a safe means of transportation between the ship and the place of the seaman's amusement. Thurnau v. Alcoa Steamship Company, Inc., 229 F.2d 73

(2d Cir. 1956); Paul v. United States, supra; Lemon v. United States, 68 F. Supp. 793 (D.Md.1946). Likewise, the shipowner is under no duty to warn seamen of dangerous conditions over which they have no control that exist beyond the ship's gangway. See Trost v. American Hawaiian Steamship Company, 324 F.2d 225 (2d Cir. 1963); Dangovich v. Isthmian Lines, Inc., supra, 218 F.Supp. at 237. The Court finds that the defendant did not own the pickup truck in question, nor did they exercise any control over the driver. Therefore, the Court is of the opinion that the defendant is not guilty of any negligent acts or omissions which proximately caused the plaintiff's injury.

The case cited by the plaintiff in support of his position, Hopson v. Texaco, Inc., 383 U.S. 262, 86 S.Ct. 765, 15 L.Ed. 2d 740 (1966), is clearly distinguishable. There, the seamen fell ill while their vessel was docked in Trinidad. One seaman was injured and the other killed when a cab that the shipowner hired to drive them to the American Consul was involved in an accident. The Court held that the defendant was liable under the Jones Act because they chose the cab driver and because they were under a statutory obligation to transport the seamen to the consul. A similar situation was involved in the case of Vincent v. Harvey Well Service, 441 F.2d 146 (5th Cir. 1971). In *Vincent*, the plaintiff was a drilling-rig-seaman who was injured after work in an accident while he was riding in a company owned and driven automobile. The drilling rig was not equipped with sleeping or eating facilities for off duty seamen, so they had to leave the rig each day and drive to a central collection point in a city some 50 miles away. Under these circumstances, the employer was held to be liable under the Jones Act for their driver's negligence.

None of these factors are present here. The employer did not furnish the truck or driver. Here, it was the employee who chose his mode of transportation back to the ship. He was on shore for his own purposes and not to perform any work related activities.

The Court is of the opinion that the defendant is entitled to a judgment as a matter of law.

It is, therefore, ordered that Defendant's Motion for Summary Judgment in regard to the negligence and unseaworthiness claims is in all respects granted, thereby leaving before the Court the plaintiff's claim for maintenance.

It is further ordered that plaintiff's complaint herein for relief because of alleged negligence on the part of the defendant or the unseaworthiness of the defendant's vessel be and the same is hereby dismissed.