**Leonard L. KELLER, Plaintiff,**

v.

**ST. LOUIS–SOUTHWESTERN RAILWAY COMPANY, Defendant.**

**Civil Action No. 95–2307–KHV.**

United States District Court, D. Kansas.

Nov. 27, 1996.

712

John T. Peak, John M. Torrence, Hubbell, Sawyer, Peak & O'Neal, Kansas City, MO, Robert D. Loughbom, Lenexa, KS, for Leonard L. Keller.

Mark L. Bennett, Jr., Bennett & Dillon, L.L.P., Topeka, KS, Gary M. Cupples, Kansas City, MO, for St. Louis Southwestern Railway Company.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This action comes before the Court on *Plaintiff's Motion For Partial Summary Judgment* (Doc. # 65) filed July 15, 1996. Plaintiff seeks this Court's determination whether Ralph Will was an "agent" within the meaning of the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA") at the time of the collision giving rise to plaintiff's claim. For the following reasons, the Court finds Mr. Will was an agent within the meaning of the statute. Plaintiff's motion is therefore sustained.

### A. SUMMARY JUDGMENT STANDARDS

Rule 56(c) of the Federal Rules of Civil Procedure directs the entry of summary judgment in favor of the party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A principal purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Entry of summary judgment is mandated, after an adequate time for discovery and upon motion, against a party who fails to make a showing to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial. *Meredith v. Beech Aircraft Corp.*, 18 F.3d 890, 893 (10th Cir.1994). Summary judgment is inappropriate, however, if there is sufficient evidence on which a trier of fact could reasonably find for the nonmoving party. *Prenalta Corp. v. Colorado Interstate Gas Co.*, 944 F.2d 677, 684 (10th Cir.1991).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact by informing the court of the basis for its motion. *Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410, 1414 (10th Cir.1993). This burden, however, does not require the moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553 (emphasis in original). Once the moving party properly supports its motion, the nonmoving party may not rest upon mere allegation or denials of his or her pleadings, "but must set forth specific facts showing that there is a genuine issue for trial." *Muck v. United States*, 3 F.3d 1378, 1380 (10th Cir.1993). The court reviews the evidence in a light most favorable to the nonmoving party, *e.g.*, *Thrasher v. B & B Chem. Co., Inc.*, 2 F.3d 995, 996 (10th Cir.1993), under the substantive law and the evidentiary burden applicable to the particular claim. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14.

Summary judgment is appropriate unless there is a genuine issue of material fact—meaning that a "reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514.

### B. FACTUAL BACKGROUND

The following facts are undisputed. During the relevant time period, defendant had a written contract with the Yellow Railroad

Transit Corporation ("Yellow") under which Yellow agreed to provide cab service for defendant's railroad employees at defendant's direction for a fee. On July 14, 1993, plaintiff, an engineer for defendant, was required to ride in a Yellow transport vehicle driven by Yellow employee Ralph Will. On that day the Yellow vehicle collided with another vehicle traveling the same direction on Interstate 135 in Saline County, Kansas. Plaintiff's injuries resulting from the collision are the basis of this lawsuit.

## C. ANALYSIS

Plaintiff claims that Ralph Will, the Yellow employee driving the transport vehicle, was defendant's agent within the meaning of the FELA. Defendant argues that Mr. Will was not defendant's agent under the FELA because (1) the accident did not occur while plaintiff was operating, moving or occupying any of defendant's railroad equipment, nor did it occur on or near the defendant's premises; and (2) its contract with Yellow provided that Yellow "is an independent contractor in providing cab service and will in no way be considered an agent of railroad."

■ The Court is not persuaded by defendant's independent contractor defense. Under the FELA, a railroad is liable for damages to its employees caused by any officer, agent, or employee of the railroad. Any attempt by the railroad to exempt itself from any liability created by the act is void. *See* 45 U.S.C. §§ 51, 55. An employer may be liable under the FELA for torts committed by an independent contractor, so long as the contractor is performing work which constitutes an operational activity of the railroad. Such a contractor is, according to the Supreme Court, an agent of the railroad under the FELA. *Sinkler v. Missouri Pac. R.R.,* 356 U.S. 326, 331–32, 78 S.Ct. 758, 762–63, 2 L.Ed.2d 799 (1958). Specifically, *Sinkler* held that when a railroad employee's injury is caused in whole or in part by the fault of individuals performing, under contract, operational activities of the railroad, such individuals are agents of the railroad within the meaning of 42 U.S.C. § 51. *Id.* In light of the parties' stipulation that Mr. Will was acting pursuant to a written contract for

transportation services, the relevant inquiry in this case is whether Mr. Will was engaged in "operational activities" of the defendant at the time of the collision.

■ Plaintiff cites several cases supporting his argument that similar transportation services constitute operational activities under the FELA. *See Penn Central Corp. v. Checker Cab Co.,* 488 F.Supp. 1225 (E.D.Mich.1980); *Leek v. Baltimore & Ohio R.R.,* 200 F.Supp. 368 (N.D.W.Va.1962); *Hopson v. Texaco, Inc.,* 383 U.S. 262, 86 S.Ct. 765, 15 L.Ed.2d 740 (1966) (applying the Jones Act which incorporates the standards of FELA, as amended). Defendant cites no independent authority in opposition. Rather, defendant only attempts to distinguish plaintiff's cited authorities.

Defendant correctly notes the different procedural posture in *Penn Central supra.* There, the railroad had settled its claims with its employee, and was seeking indemnity from the cab company with which it had contracted. In examining the legal basis for the railroad's liability, however, the court stated "it is clear that where a railroad utilizes cab services to transport its employees, these services can constitute an operational activity of the railroad, thus rendering the railroad liable for injuries sustained by the employees in the course of cab transportation." *Penn Central,* 488 F.Supp. at 1228. The *Leek* court, in ruling on a motion for judgment notwithstanding the verdict or in the alternative for a new trial, similarly reasoned: "whether the railroad requires its employees to do on-the-job travel by use of the railroad's own facilities or upon facilities for which the railroad contracts with others, should not make the vital difference between liability and nonliability." *Leek* 200 F.Supp. at 371.

Defendant's arguments against the entry of partial summary judgment are unpersuasive. Clearly under *Sinkler* and its progeny, an independent contractor can be deemed an agent under the FELA when engaged in operational activities of the railroad. Further, defendant fails to establish any legal import to its proximity defense *i.e.,* that the collision did not occur while plaintiff was on or near defendant's premises or while plain-

tiff was operating, moving or occupying any of defendant's railroad equipment. It is undisputed that plaintiff, while working as defendant's engineer, was required to ride in the vehicle operated by Mr. Will on July 14, 1993. Further, it is stipulated that at the time of the accident, Will was acting pursuant to a written contract with the defendant under which Yellow—Mr. Will's employer—agreed to transport defendant's employees at the defendant's direction. On these facts, the Court believes the reasoning set forth in *Penn Central* and *Leek, supra* is particularly applicable, and finds that Mr. Will was the defendant's agent within the meaning of the FELA.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion For Partial Summary Judgment* (Doc. # 65) filed July 15, 1996, be and hereby is sustained.