**Terry SPEER, Plaintiff,**

v.

**TAIRA LYNN MARINE, LTD., INC., and Hollywood Marine, Inc., Defendants.**

**No. Civ.A.G–99–716.**

United States District Court, S.D. Texas, Galveston Division.

Oct. 13, 2000.

Kenneth Ross Citti, Citti & Associates, Houston, TX, mediator pro se.

Thomas C Fitzhugh, III, Fitzhugh and Elliott, Houston, TX, Jeffrey S Kuhn, Attorney at Law, Houston, TX, for Terry Speer.

Charles R Talley, Attorney at Law, New Orleans, LA, Benjamin R Grau, Attorney at Law, New Orleans, LA, for Taira Lynn Marine, Limited Inc.

Thomas R Nork, Bell Ryniker et al, Houston, TX, for Hollywood Marine Inc aka Kirby Corporation.

Thomas R Nork, Bell Ryniker et al, Houston, TX, Charles R Talley, Attorney at Law, New Orleans, LA, Benjamin R Grau, Attorney at Law, New Orleans, LA, for Kirby Inland Marine, Inc.

Charles R Talley, Attorney at Law, New Orleans, LA, for L & L Surveying and Maintenance Incorporated, Taira Lynn Marine Limited No. 3 Incorporated, Taira Lynn Marine Limited No. 4 L.L.C., Taira Lynn Marine Limited No. 5 L.L.C., David & Colleen Incorporated.

## *ORDER GRANTING IN PART AND DE-NYING IN PART DEFENDANT KIRBY CORPORATION'S MOTION FOR SUMMARY JUDGMENT*

KENT, District Judge.

Plaintiff Terry Speer brings this action against Defendants Taira Lynn Marine, Ltd., Inc. ("Taira Lynn") and Hollywood Marine, Inc. for personal injuries arising under the Jones Act and general maritime law. Now before the Court is Defendant Kirby Corporation's, as successor-in-interest to Hollywood Marine, Inc., ("Kirby") Motion for Summary Judgment. For the reasons stated below, Defendant's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part.

### I. FACTUAL SUMMARY

Prior to sustaining the injuries that form the basis of this lawsuit, Plaintiff worked as a deckhand for Defendant Taira Lynn on various boats plying Gulf Coast waters. On June 15, 1998, apparently in an effort to advance with his employer, Plaintiff began participating in a tankerman training course at Defendant Kirby's training facility in Channelview, Texas. Before beginning the course, Plaintiff underwent a physical examination as is required by the United States Coast Guard to serve as a tankerman. This physical examination revealed that Plaintiff had a systolic blood pressure of 178 and a diastolic pressure of

100. Doctor Andrea K. Willhite, who performed Plaintiff's physical evaluation determined that Plaintiff needed further evaluation before he could be certified as physically competent to perform a tankerman's duties. Nevertheless, Plaintiff undertook to complete the training course with Defendant Kirby. This tankerman's class was conducted, in part, on a derelict barge owned by Kirby and moored in Channelview, Texas.[1] On June 22, 1998, while participating in a toxic spill drill on the barge, Plaintiff suffered a non-fatal heart attack. Plaintiff eventually filed suit in this Court on November 23, 1999, advancing claims under the Jones Act, the doctrine of unseaworthiness, and general maritime negligence law against both Defendants. Defendant Kirby now argues that Summary Judgment relief is appropriate on each cause of action leveled against it by Plaintiff. Defendant asserts that: (1) an action under the Jones Act can only be brought against the seaman's employer; (2) an unseaworthiness action can only be brought when a member of a vessel's crew is injured on that vessel; and (3) it had no duty *vis a vis* the Plaintiff's injury that can sustain a negligence cause of action.

## II. ANALYSIS

### A. *Summary Judgment Standard*

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. *See*

*id.* at 248, 106 S.Ct. at 2510. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See id.* at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.; see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Dixon v. State Farm Fire & Cas. Co.*, 799 F.Supp. 691, 693 (S.D.Tex. 1992) (noting that summary judgment is inappropriate if the evidence could lead to different factual findings and conclusions). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.

Procedurally, the party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2553; *see also* Fed. R.Civ.P. 56(c). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *See Matsushita*, 475 U.S. at 585–87, 106 S.Ct. at 1355–56; *Wise v. E.I. DuPont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir.1995). The Court must accept the evidence of the nonmoving party and draw all justifiable inferences in favor of that party. *See Matsushita*, 475 U.S. at 585–87, 106 S.Ct. at 1355–56. However, to meet its burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," but instead, must "come forward with 'specific facts showing that there is a genuine issue

1. The parties have made quite a fuss about whether or not this old barge constitutes a "vessel" as is required to sustain an unseaworthiness claim. The Court, however, does not reach this argument as it concludes on other grounds that Plaintiff cannot, as a matter of law, prevail on his unseaworthiness cause of action.

for trial.'" *Id.* at 586–87, 106 S.Ct. at 1355–56 (quoting Fed.R.Civ.P. 56(e)).

## B. *The Jones Act Claim*

 Defendant Kirby seeks summary judgment against Plaintiff's Jones Act claim on the ground that Kirby was not Plaintiff's employer. It is axiomatic that a Jones Act claim requires Plaintiff to establish an employee-employer relationship with Defendant Kirby. *See Addison v. Gulf Coast Contracting Servs., Inc.,* 744 F.2d 494, 498 (5th Cir.1984); *Rohde v. Southeastern Drilling Co., Inc.,* 667 F.2d 1215, 1217 (5th Cir.1982); *Roberts v. Williams–McWilliams Co., Inc.,* 648 F.2d 255, 262 (5th Cir. June 1981). Plaintiff does not suggest that he was a "borrowed servant" at the time of his injury. *See, e.g., Roberts,* 648 F.2d at 262. Nor is this a case in which Plaintiff may have more than one Jones Act employer. *See, e.g., Guidry v. South Louisiana Contractors, Inc.,* 614 F.2d 447, 452 (5th Cir.1980). Instead, Plaintiff makes the novel contention, without citing authority, that "[a]s an agent of Taira Lynn ... [Kirby] is imbued with the same duty of care as Taira Lynn under the Jones Act ... [and] that the acts of one must be imputed to the other through the agency relationship...." Plaintiff's Response to Motion for Summary Judgment at 8. Plaintiff does cite several Jones Act cases in which a Jones Act employer is held liable for the conduct of an agent. However, none of these cases suggest that the agent itself was treated as a Jones Act employer; instead any liability of the agent must have come as direct result of the agent's conduct. *See Hopson v. Texaco, Inc.,* 383 U.S. 262, 264, 86 S.Ct. 765, 766, 15 L.Ed.2d 740 (1966) (holding a plaintiff's Jones Act employer liable for the negligence of a taxi driver selected by the employer as its "agent"); *Thier v. Lykes*

*Bros., Inc.,* 900 F.Supp. 864 (S.D.Tex.1995) (holding a Jones Act employer liable for the negligence of its agent). Therefore, while the Court appreciates Plaintiff's creative reasoning, this argument utterly lacks support in the law, and if accepted would turn agency law on its head. Plaintiff's contention would enable an injured seamen to sue a co-crew member who negligently left a hatch open as his Jones Act employer, or allow a student sent by his or her employer to the Maine Maritime Academy for a refresher course to sue the Academy as his or her Jones Act employer if the student slipped and fell in the barracks' showers. In each of these cases, as in Plaintiff's scenario, any personal liability by the co-crew member, the Academy, or Kirby must rest independently on the agent's own culpable actions.[2] Kirby was not Plaintiff's Jones Act employer, and the Jones Act only allows a seaman to sue his employer. Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's Jones Act Claim is **GRANTED.**

## C. *The Unseaworthiness Claim*

Plaintiff argues that fact issues exist regarding the vessel status of Kirby's training barge on which he suffered his heart attack. The Court, however, does not reach this issue and instead determines that because Plaintiff was not a crew member of the barge he cannot prevail on his unseaworthiness claim even if he could establish that the barge factually and legally constituted a "vessel." For its discussion of this issue, the Court therefore assumes, without deciding, that Plaintiff can demonstrate that Kirby's training barge was a vessel.

 In order to bring an unseaworthiness cause of action, Plaintiff must be a member of the crew of the vessel on which he suffered his injury.[3] *See River Trans-*

---

2. Of course, Plaintiff's alleged Jones Act employer could yet be held accountable vicariously for the negligence of its alleged agent under any of these scenarios. *See Thier,* 900 F.Supp. 864.

3. Only one slim avenue exists by which a non-crew member plaintiff may impose the duty of seaworthiness on a defendant. That is the so-called Sieracki seaman doctrine. *See Harbor Towing,* 910 F.2d at 313 (discussing the Sieracki doctrine). However, this doctrine is not available to "Jones Act seamen injured on

port. Assocs. v. Wall, 5 F.3d 97, 100 (5th Cir.1993) (noting that a plaintiff who is not a crew member, or a longshoreman, of the allegedly unseaworthy vessel cannot bring an unseaworthiness claim); *accord Smith v. Harbor Towing & Fleeting, Inc.*, 910 F.2d 312, 313 (5th Cir.1990) (affirming that a Jones Act seaman who was not a crew member of the vessel on which he suffered injury could not bring an unseaworthiness cause of action); *Roberts*, 648 F.2d at 263 (holding that a seaman who was injured while in his sleeping quarters was not a crew member of the vessel on which he slept). As with Plaintiff's Jones Act agency argument disposed of above, the Court finds that the notion that Plaintiff was a member of the training barge's crew, while creative, lacks any merit. Plaintiff was on the barge to learn to be a tankerman. Thus, Plaintiff's status appears to be that of a licensee or invitee "as to whom ... the maritime law extends no warranty of seaworthiness...." *Roberts*, 648 F.2d at 263. It makes no difference how physically active Plaintiff was while attending this training course aboard the barge. Even if Plaintiff engaged in tasks that might, if not a simulation, be undertaken by a vessel's crew, this does not convert him into a member of that crew. *See Harbor Towing*, 910 F.2d at 312–315. Moreover, the actual facts surrounding Plaintiff's injury further belie his claim of crew status. During the first week of the tankerman course, Plaintiff spent his time in an air conditioned classroom and barracks. On the first day of the course's second week, Plaintiff suffered his unfortunate injury, after Plaintiff had spent less then fifteen minutes actually aboard the training barge. See Deposition of Terry Speer, Page 90 at Lines 2–25. Plaintiff emphatically was not a member of the barge's crew, and as such this action fails.

Plaintiff also argues that because Kirby was an agent of his Jones Act employer, Kirby owed him the duty of seaworthiness.

In essence Plaintiff is trying to avoid the clear holding of *Smith v. Harbor Towing & Fleeting, Inc.*, supra, which prohibits a Jones Act seaman from suing a third-party upon whose vessel he suffers injury on a theory of anything other then general negligence. *See Harbor Towing*, 910 F.2d at 314–15. Plaintiff's agency argument fails for the reasons discussed above in the context of Plaintiff's Jones Act claim. Just as Plaintiff cannot sue Kirby under the Jones Act as an agent of Plaintiff's employer, Plaintiff also cannot bootstrap himself into an unseaworthiness cause of action by claiming that Kirby is an agent of his employer. There is no such thing as *respondeat inferior*. Taira Lynn's duty to provide a seaworthy vessel to Plaintiff while working as its crew member does not impose this duty downward upon its alleged agent. Consequently, Defendant's Motion for Summary Judgment on Plaintiff's unseaworthiness claim is **GRANTED**.

### D. *The General Negligence Claim*

■ Defendant has also moved for summary judgment on Plaintiff's general negligence cause of action. Defendant contends that the training barge does not invoke maritime jurisdiction, and thus Texas negligence law applies to Plaintiff's cause of action. Defendant then argues that Texas law does not establish a duty on these facts, and that, in the alternative, if maritime law does apply the result remains the same. Plaintiff, in response, urges that maritime law controls, but that under either body of law, Defendant had a duty regarding Plaintiff's injury.

Because many facts about the barge's status are disputed, and as discovery is ongoing, the Court does not now decide whether the training barge invokes maritime law, or if instead Texas law applies. In any event, it is appears that under either law, Plaintiff has pled sufficient dis-

---

vessels on which they are not crew members." *Harbor Towing*, 910 F.2d at 314. Plaintiff, in seeming recognition of this bar, does not contend that he is a Sieracki sea-

man. Instead, Plaintiff pointedly insists that he was in fact a member of the "crew" of Kirby's training barge on the date of the incident in question.

puted facts upon which a duty may lie for Defendant Kirby, especially with regard to its actual notice of Plaintiff's physical condition. Therefore, Defendant's Motion for Summary Judgment on Plaintiff's general negligence claim is **DENIED.**

### III. CONCLUSION

The Court has considered Defendant Kirby's Motion for Summary Judgment on each of the three causes of action asserted against it. For the reasons stated above: Kirby's Motion for Summary Judgment on Plaintiff's Jones Act claims is **GRANTED;** Kirby's Motion for Summary Judgment on Plaintiff's unseaworthiness claim is **GRANTED;** and Kirby's Motion for Summary Judgment on Plaintiff's general negligence claim is **DENIED.**

**IT IS SO ORDERED.**