United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 2, 2004**

Charles R. Fulbruge III
Clerk

**REVISED NOVEMBER 10, 2004**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 03-30884

_____

ROBERT HASTY,

Plaintiff - Appellant,

versus

TRANS ATLAS BOATS INC; GREATER LAFOURCHE PORT COMMISSION,

Defendants - Appellees.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana

_____

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Appellant Robert Hasty appeals the district court's grant of summary judgment to Trans Atlas

Boats Inc. ("Trans Atlas") and the Greater Lafourche Port Commission ("GLPC") Harbor Police on

his negligence, unseaworthiness, and vicarious liability claims. We REVERSE the district court's

grant of summary judgment as to whether Trans Atlas was negligent under the Jones Act for Hasty's

injury. We AFFIRM the district court's dismissal of all of Hasty's other claims.

## I. FACTS AND PROCEEDINGS

Robert Hasty, a seaman working for Trans Atlas aboard its vessel, the M/V ROXANNE T, was injured when he intervened in a fight between two deckhands. On the morning of March 28, 2001, Leroy Brown came aboard the vessel intoxicated and was ordered by the vessel's captain, Henry Kopsywa, to "sleep it off" in his bunk. Shortly thereafter, Brown violently grabbed his bunkmate Jerry Rudolph, prompting Captain Kopsywa to fire Brown and order him off of the vessel. Brown refused to disembark. After speaking to Trans Atlas's owner, Captain Kopsywa called the GLPC Harbor Police. The Harbor Police escorted Brown off the vessel.

Once onshore, Brown snuck away from the Harbor Police officers and Captain Kopsywa and reboarded the vessel. Brown proceeded to find Rudolph and reignite their fight. Hasty, who was standing nearby, intervened and escorted Brown to the stern weather deck, where Brown swung at and jumped on Hasty. Both men fell to the ground. As Hasty fell, his foot became caught between the edge of the deck and a vertical stair support, causing his leg to break. Shortly thereafter, the Harbor Police officers returned and arrested Brown.

Hasty sued Trans Atlas for negligence under the Jones Act, for unseaworthiness under general maritime principles, and for being vicariously liable for the negligent conduct of the Harbor Police. He additionally sued the GLPC for the Harbor Police's negligence in failing to prevent the altercation. Trans Atlas paid Hasty $30,154 in maintenance and cure. The district court granted Trans Atlas's and the GLPC's summary judgment motions on all counts. Hasty timely appeals.

## II. STANDARD OF REVIEW

This Court reviews a grant of summary judgment *de novo*. *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 335 (5th Cir. 1995). Summary judgment is proper if, viewing the facts in the light most favorable to the nonmovant, there is no genuine issue of material fact and the movant is entitled to

2

judgment as a matter of law.  FED. R. CIV. P. 56(c).  Summary judgment is improper if the evidence could permit a reasonable jury to return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III.  DISCUSSION

A.  Trans Atlas's Negligence

Under the Jones Act, a "seaman is entitled to recovery . . . if his employer's negligence is the cause, in whole or in part, of his injury."  *Gautreaux v. Scurlock Marine*, 107 F.3d 331, 335 (5th Cir. 1997) (en banc).  To prevail on a negligence claim, Hasty must establish that Captain Kopsywa, on behalf of Trans Atlas, failed to prevent Brown's foreseeable assault of Hasty.  *See Miles v. Melrose*, 882 F.2d 976, 983–84 (5th Cir. 1989); 1B–III STEVEN F. FRIEDELL, BENEDICT ON ADMIRALTY § 31 (7th ed. 2004).  Hasty contends that Captain Kopsywa was negligent at two points during the incident: (1) by allowing Brown to come onto the vessel and remain aboard despite knowing that Brown was intoxicated; and (2) by allowing Brown to sneak away from the Harbor Police and Captain Kopsywa and reboard the vessel.

(1) Allowing Brown initially to board the vessel

A reasonable jury could determine that Hasty's injury was a foreseeable consequence of permitting Brown aboard the vessel in his intoxicated state.  Trans Atlas contends that Captain Kopsywa's actions were reasonable because Brown was not belligerent when boarding the vessel and Captain Kopsywa immediately terminated Brown when he became violent.  However, Trans Atlas concedes that Captain Kopsywa violated his company's "zero-tolerance" alcohol policy, which prohibits intoxicated employees from being allowed aboard the vessel in order to protect the safety of the crew.  A jury might conclude that Hasty's injury was a foreseeable result of permitting Brown

3

on board because of the risk an intoxicated seaman poses to his shipmates.

(2) Allowing Brown to reboard the vessel

A reasonable jury might also find Captain Kopsywa negligent for Brown reboarding the vessel. Brown was able to return to the M/V ROXANNE T in part because its gangway was left unguarded. The Harbor Police testified that Trans Atlas possessed a duty to remove terminated employees safely from both the vessel and the surrounding port area. A jury could conclude that by not preventing Brown from reboarding the vessel, Captain Kopsywa breached his duty to provide Hasty with a safe working environment.

While we express no opinion on the ultimate resolution of Hasty's negligence claim, the evidence and issues raised by Hasty should be properly presented to a jury.

B.      The Vessel's Unseaworthiness

The M/V ROXANNE T was not unseaworthy. To establish unseaworthiness, a plaintiff must prove that a crewmember was not "equal in disposition and seamanship to the ordinary men in the calling." *Miles,* 882 F.2d at 981 (citing *Clevenger v. Star Fish & Oyster Co.*, 325 F.2d 397, 399–400 (5th Cir. 1963); 1B BENEDICT ON ADMIRALTY § 31 (7th ed. 1987)). A seaman fails to meet this standard only if he possesses a "wicked disposition, a propensity to evil conduct, [or] a savage and vicious nature." *Boudin v. Lykes Bros. S.S. Co.*, 348 U.S. 336, 385 (1955). Hasty offers no evidence that Brown possessed any such characteristics.

C.      Trans Altas's Vicarious Liability for the Harbor Police's Negligence

Trans Atlas is not vicariously liable for the acts of the Harbor Police. The Jones Act incorporates the standards of the Federal Employers' Liability Act, which renders an employer liable for injuries negligently inflicted on its employees by its "officers, agents, or employees." 45 U.S.C.

4

§ 51 (2004)*; Hopson v. Texaco, Inc.*, 383 U.S. 262, 263 (1966).  When the Harbor Police responded as police officers to Captain Kopsywa's call for assistance, they did not become officers or agents of Trans Atlas.

D.      Admiralty Jurisdiction Over the GLPC Harbor Police

For a court to have maritime jurisdiction over a tort claim, a plaintiff must satisfy a two-part test:  (1) the tort must have occurred on navigable water; and (2) the tort must bear a substantial relationship to traditional maritime activity.  *Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).  Federal courts must proceed with caution when determining whether to expand admiralty jurisdiction.  *Woessner v. Johns-Manville Sales Corp.,* 757 F.2d 634, 648 (5th Cir. 1985); *Executive Jet Aviation, Inc. v. Cleveland,*  409 U.S. 249, 272–73 (1972). We find that admiralty jurisdiction does not exist over Hasty's claims against the GLPC.  The conduct and activities of the GLPC are insufficiently related to traditional maritime activity.

## IV.  CONCLUSION

We REVERSE the district court's summary judgment dismissal of Hasty's negligence claim against Trans Atlas and REMAND the case to district court for proceedings consistent with this opinion.  We AFFIRM the district court's grant of summary judgment as to Hasty's other claims.