13-1074-cv
Hayes v. Cnty. of Nassau

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand fourteen.

PRESENT: ROSEMARY S. POOLER,
REENA RAGGI,
*Circuit Judges*,
LORNA G. SCHOFIELD,
*District Judge.*[*]

------------------------------------------------------------------------

ROBERT A. HAYES,

*Plaintiff-Appellant*,

v.                                                                No. 13-1074-cv

COUNTY OF NASSAU,

*Defendant-Third-Party-Plaintiff-Counter-Defendant-Appellee,*

TOWN OF OYSTER BAY,

*Defendant-Third-Party-Defendant-Counter-Claimant-Appellee*.

------------------------------------------------------------------------

[*] The Honorable Lorna G. Schofield, of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLANT: JAMES M. MALONEY (Jacob Shisha, Esq., Tabak, Mellusi & Shisha, *on the brief*), Port Washington, New York.

APPEARING FOR APPELLEES: DAVID A. TAUSTER, Deputy County Attorney, *for* Carnell Foskey, County Attorney of Nassau County, Mineola, New York, *for Appellee County of Nassau*.

PETER F. TAMIGI, ESQ., Burns, Russo, Tamigi & Reardon, LLP, Garden City, New York, *for Appellee Town of Oyster Bay*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 2, 2013, is AFFIRMED in part and VACATED and REMANDED in part.

Plaintiff Robert A. Hayes appeals from the district court's sua sponte grant of summary judgment dismissing with prejudice his unseaworthiness claim brought under federal admiralty jurisdiction and his negligence claim brought under the Jones Act, 46 U.S.C. § 30104. Hayes argues that the district court, without providing him with sufficient notice and an opportunity to be heard, erroneously determined that (1) there is no federal admiralty jurisdiction because his injuries did not occur over navigable waters, and (2) the County of Nassau ("County") was not liable under the Jones Act because Hayes fell on property owned and operated by the Town of Oyster Bay ("Town"). In reviewing the grant of summary judgment de novo and construing the evidence in the light most favorable to the non-moving party, see Lynch v. City of New York, 737 F.3d 150, 156 (2d

2

Cir. 2013), we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm as to the unseaworthiness claim and to vacate and remand as to the Jones Act claim.

1.    *Sua Sponte* Grant of Summary Judgment

This case presents a unique procedural posture. The only motions outstanding when the district court granted summary judgment against Hayes were cross-motions for summary judgment between the County and the Town aimed at settling liability between themselves. Despite claims by the Town to the contrary, none of the arguments made in those motions could have put Hayes on notice that the district court was in a position to decide, or was contemplating deciding, dispositive issues with respect to Hayes's claims.

"District courts have the power to enter summary judgment sua sponte only if the losing party was on notice that it had to come forward with all of its evidence." Pugh v. Goord, 345 F.3d 121, 124 (2d Cir. 2003) (internal quotation marks and alterations omitted). This condition was not satisfied here. In particular, Hayes had no notice with respect to an obligation to come forward with evidence related to his claim that Marine 6 had no salt onboard. While the district court had a transcript of Sergeant Sawula's deposition transcript before it, that evidence is equivocal at best. Further, the district court apparently did not have before it Hayes's sworn declaration, which claims that in fact there was no salt on Marine 6 and that he removed his equipment bag from the vessel in accordance with department custom. Thus, the district court's sua sponte grant of summary judgment dismissing with prejudice Hayes's claims was in error.

3

Ordinarily, we would vacate the district court's decision entirely so that it could first reconsider Hayes's legal and factual submissions. See Beason v. United Techs. Corp., 337 F.3d 271, 274–75 (2d Cir. 2003) (noting "general rule" that Courts of Appeals does not pass upon issues not first addressed by district court). Nevertheless, we do not do so here because the issues are sufficiently clear and ripe for adjudication as a matter of law. See id. (stating that general rule is prudential and discretionary). Accordingly, we here conclude that (1) there is no federal admiralty jurisdiction over Hayes's unseaworthiness claim, and (2) his Jones Act claim for negligence raises questions of fact warranting trial.

2. Federal Admiralty Jurisdiction

Under 28 U.S.C. § 1333(1), a tort action falls under federal admiralty jurisdiction if two tests are satisfied: (1) "the alleged tort must have occurred on or over 'navigable waters'"; and (2) "the activity giving rise to the incident must have had a substantial relationship to traditional maritime activity, such that the incident had a potentially disruptive influence on maritime commerce." Vasquez v. GMD Shipyard Corp., 582 F.3d 293, 298 (2d Cir. 2009) (citing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995)). The district court properly concluded that Hayes cannot satisfy the first requirement because his injury occurred at the base of the gangway leading to the floating dock, which we have held is not on or over navigable waters. See MLC Fishing, Inc. v. Velez, 667 F.3d 140, 142 (2d Cir. 2011) (stating that "floating docks are considered extensions of land for purposes of determining whether an incident occurred on or over navigable waters").

4

In urging otherwise, Hayes relies on the Extension of Admiralty Jurisdiction Act, 62 Stat. 496, which extends federal jurisdiction to injuries "caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land." 46 U.S.C. § 30101(a). Hayes argues that the vessel's failure to have salt onboard caused his injuries. We are not persuaded. Hayes's injuries were <u>caused</u> by snow and ice on the transition plate, not by the alleged failure to cure the hazardous condition. Cf. Strika v. Neth. Ministry of Traffic, 185 F.2d 555, 556 (2d Cir. 1950) (Hand, L., J.) (holding that federal admiralty jurisdiction extended to suit seeking damages for longshoreman's injuries sustained on land caused by metal that fell from ship's winches).

Accordingly, the district court properly determined that federal admiralty jurisdiction does not extend to Hayes's unseaworthiness claim.[2]

3.    Jones Act Negligence

Hayes argues that the district court erred in dismissing his Jones Act claim because a seaman's employer has a non-delegable duty to ensure a safe means of ingress/egress to the ship, at least where the seaman acts within the scope of his employment. We agree.

The Jones Act permits a seaman to sue his employer for negligence to recover for injuries suffered "in the course of employment." 46 U.S.C. § 30104. In interpreting the Federal Employers Liability Act ("FELA"), the standards of which are incorporated into

---

[2] A dismissal for lack of subject matter jurisdiction should generally be without prejudice. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998); Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008). At oral argument, Hayes's counsel clarified that he did not pursue any error in that regard. Accordingly, we affirm this portion of the judgment without amendment.

5

the Jones Act, see id.; Hopson v. Texaco, Inc., 383 U.S. 262, 263 (1966), the Supreme Court has stated that an employer has a "nondelegable duty to provide its employees with a safe place to work even when they are required to go onto the premises of a third party over which the [employer] has no control," Shenker v. Balt. & Ohio R.R. Co., 374 U.S. 1, 7 (1963). The employer breaches this duty when it "knows or should know of a potential hazard in the workplace, yet fails to exercise reasonable care to inform and protect its employees." Gallose v. Long Island R.R. Co., 878 F.2d 80, 84–85 (2d Cir. 1989); accord Gadsen v. Port Auth. Trans-Hudson Corp., 140 F.3d 207, 209 (2d Cir. 1998).

Here, Hayes proffered sufficient evidence from which a reasonable jury could find that he was acting within the scope of his employment at the time of his injury and that the County failed to remedy a known hazard. At his deposition and in his affirmation, Hayes stated that, in accordance with department custom, he was returning to the vessel after removing his equipment bag to make room for relieving officers when he was injured. This is sufficient to raise a triable question of fact as to whether the injury occurred in the course of Hayes's employment. See Goldwater v. Metro-North Commuter R.R., 101 F.3d 296, 298 (2d Cir. 1996) (stating that jury's role in determining scope of employment and employer's liability under FELA (and, therefore, Jones Act) is "significantly greater . . . than in common law negligence actions" (alteration in original) (internal quotation marks omitted)). Further, Sergeant Sawula testified that the County had received numerous complaints about the steepness of the ramp and the slipperiness of the transition plate on which Hayes fell, which could support a jury finding that the County failed to protect its

6

employee by not clearing snow from the area, applying salt to the gangway, or ensuring that there was non-stick paint on the transition plate.  See Wills v. Amerada Hess Corp., 379 F.3d 32, 50 (2d Cir. 2004) (observing it "well established" under Jones Act that plaintiffs can survive summary judgment if any evidence "could justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury" (emphasis in original) (internal quotation marks omitted)).

Thus, we vacate the district court's award of summary judgment on Hayes's Jones Act claim and remand for trial.

3.     Supplemental Jurisdiction Over State Claims

Having concluded that the dismissal of the Jones Act claim was in error, we also vacate the portion of the judgment declining to exercise supplemental jurisdiction over Hayes's state law claims.  See Loeffler v. Staten Isl. Univ. Hosp., 582 F.3d 268, 279 (2d Cir. 2009) (vacating order declining to exercise supplemental jurisdiction over common law negligence claims because court vacated dismissal of federal claims); cf. 28 U.S.C. § 1367(c)(3) (stating that district court may decline to exercise supplemental jurisdiction if it "dismissed all claims over which it has original jurisdiction").

We have considered Hayes's remaining arguments and conclude that they are without merit.  We therefore AFFIRM in part and VACATE and REMAND in part the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court

7